## SAMUEL WILDE *vs.* LEMUEL M. ARMSBY.

In an action on a written guaranty of the payments of George Winchester and company, it appeared, on the face of the instrument, the signature to which was admitted, that the same had been altered by an interlineation of the words " and company," written in a different handwriting from that of the rest of the instru ment, and in a different ink. It was held, that the burden of proof. was on the plaintiff to show, that the interlineation was made before the instrument was executed.

THIS was an action of assumpsit, tried in this court, before *Dewey*, J., upon an instrument, set forth in the declaration, of the following tenor : —

" April 19, 1845.   Mr. Samuel Wilde :  Sir, I hereby recommend and guarantee the payments of George Winchester [& Co.] to an amount of five hundred dollars' worth of your goods, and will hold myself responsible to you for that amount, so long as he may wish to continue trade with you.   Lemuel M. Armsby."

The defendant admitted the signature to the instrument to be his, but denied that he ever signed such an instrument as this purports to be, alleging, that upon the face of the instrument it appeared, that there had been an obvious alteration of the same in a material respect, namely, by an interlineation of the words " and company," which were admitted to be written in a different handwriting from that of the rest of the instrument and in a different ink ; and he insisted that the plaintiff must satisfy the jury, that such alteration was made before the execution of the instrument.

The instrument was permitted to be given in evidence to the jury, and evidence was offered by both defendant and plaintiff, as to the alleged alteration, and the time at which it was made.

The plaintiff thereupon asked for the following instructions : —

" The signature to a written instrument set out in the declaration being proved or admitted, it is *primâ facie* evidence, that the whole instrument, as set forth in the declaration, was signed by the defendant; and to rebut this presumption, the burden of proof is on the defendant, to show any alteration therein after the execution."

But the judge declined giving these instructions, and directed the jury as follows : — " The burden of proof is upon the plaintiff, to show that the instrument thus declared upon, and by him offered in evidence, was executed by the defendant in the form in which it now appears; whether an alteration in the instrument exists, and whether made before or after its execution, are questions of fact for the jury. If, upon the face of an instrument, the jury find an obvious alteration of a material character, by an addition written after the writing of the body of the instrument, they must also be satisfied, in order to hold the instrument valid, that the alteration was made before the contract was executed. The amount and nature of the evidence, requisite to satisfy the jury of this fact, must depend upon all the circumstances of the case. When the plaintiff offers any evidence to explain such alteration, and to satisfy the jury that it was made before the execution of the instrument, it is for the jury to say, whether it is satisfactory. Proof of the signature of an instrument is *primâ facie* evidence, that the instrument written over such signature is the act of such party, and that the whole contents are his stipulations, duly executed by him, when nothing appears on the face of the instrument to indicate a material alteration. But if such appearance of an obvious alteration exists on the face of the instrument, mere proof of the signature's being in the genuine handwriting of the party does not change the burden of proof, as to the entire paper. It still remains for the plain·

tiff to sustain the affirmative of the issue, that the instrument thus offered in evidence was executed by the defendant in the form in which it now appears."

Under these instructions, the case was submitted to the jury, who returned a verdict for the defendant. If the ruling was erroneous, the verdict is to be set aside and a new trial granted.

*N. Morton* and *E. H. Bennett*, for the plaintiff, referred to 1 Greenl. Ev. § 564, and cases cited ; 4 Cruise, (Greenl. Ed.) 408 ; *Beaman* v. *Russell*, 20 Verm. 205, 214 ; *Bailey* v. *Taylor*, 11 Conn. 531, 537 ; *Crabtree* v. *Clark*, 7 Shep. 337 ; *Rankin* v. *Blackwell*, 2 Johns. Ca. 198 ; *Davis* v. *Jenney*, 1 Met. 221, 224 ; *Cumberland Bank* v. *Hall*, 1 Halst. 215 ; *Sayre* v. *Reynolds*, 2 South. 737 ; *Wickes* v. *Caulk*, 5 Har. & J. 36, 41.

*J. H. W. Page*, (with whom was *J. H. Clifford*,) for the defendant, cited 1 Greenl. Ev. § 564 ; *Cumberland Bank* v. *Hall*, 1 Halst. 215 ; *Heffelfinger* v. *Shutz*, 16 S. & R. 44 ; *Curtis* v. *Hall*, 1 South. 148 ; *Jackson* v. *Osborn*, 2 Wend. 555 ; *Commissioners of the Poor* v. *Hanion*, 1 Nott & McC. 554 ; *Jackson* v. *Jacoby*, 9 Cow. 125 ; *Crabtree* v. *Clark*, 7 Shep. 337 ; *Gooch* v. *Bryant*, 1 Shep. 386 ; *Beaman* v. *Russell*, 20 Verm. 205 *Langdon* v. *Paul*, 20 Verm. 217 ; *Ross* v. *Gould*, 5 Greenl. 204 ; *Davis* v. *Jenney*, 1 Met. 221.

METCALF, J. This is an action on a written guaranty in which there is an interlineation that alters its legal effect and avoids the instrument, if it was made after execution by the defendant and without his consent. The question at the trial was, whether the burden of proof was on the plaintiff to show that the interlineation was made before the instrument was executed, or on the defendant to show that it was made afterwards. The jury were instructed, that the burden of proof was on the plaintiff, and the case comes before us on exceptions to that instruction.

This question was raised, and its importance recognized by the court, in *Davis* v. *Jenney*, 1 Met. 221, but was not then decided. The court then said : " The proof or admission of the signature of a party to an instrument is *primâ facie* evidence that the instrument written over it is the act of the

party; and this *primâ facie* evidence will stand as binding proof, unless the defendant can rebut it by showing, from the appearance of the instrument itself, or otherwise, that it has been altered." And in *Pullen* v. *Hutchinson*, 12 Shepley, 254, the court of Maine say : " A written instrument, not attested by a subscribing witness, is sufficiently proved to authorize its introduction, by competent proof that the signature of the person, whose name is undersigned, is genuine. The party producing it is not required to proceed further upon a mere suggestion of a false date, when there are no indications of falsity found upon the paper, and prove that it was actually made on the day of the date. After proof that the signature is genuine, the law presumes that the instrument, in all its parts, is genuine also, when there are no indications to be found upon it to rebut such a presumption." This is doubtless sound doctrine, but it does not reach the present case. Here is an alter· ation, manifest on the face of the instrument introduced by the plaintiff. ·And the question arises on that fact.

This question is settled in England, by a uniform course of decisions in suits on promissory notes and bills of exchange. And the same rule of evidence is applicable to a guaranty not under seal. *Hemming* v. *Trenery*, 9 Adolph. & El. 926.

In *Bishop* v. *Chambre*, Mood. & Malk. 116, and 3 Car. & P. 55, in a suit on a promissory note that had been apparently altered, lord Tenterden instructed the jury, that "it certainly lay on the plaintiff to account for the suspicious form and obvious alteration of the note." In *Henman* v. *Dickinson*, 5 Bing. 183, it was decided that where an alteration appears upon the face of a bill of exchange, the party producing it must show that the alteration was made with consent of parties, or before the bill was issued. In *Knight* v. *Clements*, 3 Nev. & P. 375, and 8 Adolph. & El. 215, and in *Clifford* v. *Parker*, 2 Man. & Grang. 909, it was decided that a party setting up a bill, which, upon the face of it, clearly appears to have been altered in a material part, is bound to give some evidence of the circumstances under which the alteration took place. And this is laid down, by recent English writers, as the established law of their country. Chit. Con. (5th Am. ed.)

27 *

786; Chit. on Bills, (10th Amer. ed.) 189, 190, 624; Smith on Merc. Law, (Amer. ed.) 267; Addison on Contracts, 162. The nature and amount of evidence, necessary to warrant a jury in finding that the alteration was made under such circumstances as not to vitiate the instrument, will depend upon the nature of the alteration, and the facts of each case. In some cases, very slight evidence will suffice. *Cariss* v. *Tattersall*, 2 Man. & Grang. 890; *Whitfield* v. *Collingwood*, 1 Car. & Kirw. 325. It was said at *nisi prius*, in *Bishop* v. *Chambre* (ubi sup.) and in *Taylor* v. *Mosely*, 6 Car. & P. 273, that a jury might judge, from inspection, whether the alteration was made before or after the completion of the instrument. But it was adjudged otherwise, by the full court of king's bench, in *Knight* v. *Clements*, above cited.

There is some conflict of decisions, on the question before us, in the American courts. But we do not deem it necessary or useful to examine them in detail. Most of them are referred to in 1 Greenl. on Ev. (5th ed.) § 564 and notes. And the great preponderance is found on the side of the rule established in England. No case seems yet to have arisen in England, in which an exception has been made to the rule. But it has been decided in Connecticut and New Jersey, that if the alteration is against the interest of the party deriving title from the instrument, as if it be a note altered to a less sum, the law does not so far presume that it was improperly made, as to throw on him the burden of accounting for it. *Bailey* v. *Taylor*, 11 Conn. 531; *Den* v. *Farlee*, 1 Zab. 279. Mr. Greenleaf states, as the result of the English and American decisions, that " if any ground of suspicion is apparent upon the face of the instrument, *the law presumes nothing*, but leaves the question of the time when it was done, as well as that of the person by whom, and the intent with which, the alteration was made, as matters of fact to be ultimately found by the jury, *upon proofs to be adduced by the party offering the instrument in evidence.*" He also states, as the reason of the rule, that " every alteration on the face of a written instrument detracts from its credit, and renders it suspicious and this suspicion the party claiming under it is *ordinarily* held bound to remove."

In Byles on Bills, (2d Amer. ed.) 248, 249, where the English rule is stated, it is said : " This rule is most reasonable ; for if it lay on the defendant, on an acceptor, for example, sued by an indorsee, to show that the alteration was improperly made, it might be a great hardship. For he may have no means of proving that the bill went unaltered from his hands, or of showing the circumstances of a subsequent alteration. But the burden of explaining an alteration imposes no hardship on the plaintiff; for if the bill was altered while in his hands, he may and ought to account for it; if before, then he took it with a mark of suspicion on its face, which ought to have induced him either to refuse it or to require evidence of the circumstances under which the alteration was made." Park, J., in *Henman* v. *Dickinson*, already cited, said that good sense pointed out the rule, inasmuch as the defendant could not know the circumstances of a subsequent alteration. And this view of the matter is taken by Parker, C. J., in *Hills* v. *Barnes*, 11 N. Hamp. 395, and by Gibson, C. J., in *Simpson* v. *Stackhouse*, 9 Barr, 186.

We are not prepared to decide that a material alteration, manifest on the face of the instrument, is, in all cases whatsoever, such a suspicious circumstance as throws the burden of proof on the party claiming under the instrument. The effect of such a rule of law would be, that if no evidence is given by a party claiming under such an instrument, the issue must always be found against him; this being the meaning of the " burden of proof." 1 Curteis, 640. But we are of opinion, upon the authorities, English and American, and upon principle, that the burden of proof, in explanation of the instrument in suit in this case, was on the plaintiff. It was admitted by his counsel, at the argument, that the words " and Co.," which were interlined in the guaranty, were in a different handwriting from that of the rest of the instrument, and also in different ink. In such a case, the burden of explanation ought to be on the plaintiff; for such an alteration certainly throws suspicion on the instrument. The instructions which were given to the jury were therefore right, at least so far as they were applicable, or could be applied by the jury, to this case.

This question, in the case of a simple contract, seems to have first arisen in England, in the year 1818, in *Johnson* v. *The Duke of Marlborough*, 2 Stark. R. 313, although cases of altered deeds had arisen long before.   And it was said by the counsel for the plaintiff, that it is an established rule of evidence, in England, in the case of deeds, that an alteration in them is presumed to be made before they were executed.   But we have not examined that question; for we do not consider it of any importance, in the present case.   It may be remarked, however, that the suggested English rule as to deeds has more than once been disregarded by the courts of this country.   The first case, so far as we know, in which this question of burden of proof, or presumption, as to alteration of instruments, arose in the United States, was in 1782, in *Morris's Lessee* v. *Vanderen*, 1 Dall. 64, where an altered deed was given in evidence. McKean, C. J., said : " An interlineation, if made after the execution of a deed, will avoid it; nor is it to be presumed to have been made before; the presumption is the contrary, unless otherwise proved."   And in *Jackson* v. *Osborn*, 2 Wend. 555, the supreme court of New York held, in case of a deed, that " when nothing appears but the fact of an erasure or interlineation in a material part, of which no notice is taken at the time of execution, it is a suspicious circumstance, which requires some explanation on the part of the plaintiff; " thus applying to a deed the rule applied in England, and generally in this country, to a simple contract.   See also *Jackson* v. *Jacoby*, 9 Cow. 125; *Waring* v. *Smyth*, 2 Barbour Ch. Rep. 133; *Herrick* v. *Malin*, 22 Wend. 388 ; *Prevost* v. *Gratz*, Peters, C. C. 369; *Davis* v. *Oliver*, 1 Ridgew. P. C. 1, 15.

*Judgment on the verdict.*