THE MECHANICS' BANK OF WILLIAMSBURGH *vs.* CHARLES W. FOSTER, impleaded &c.

Where the defendant, in an action upon a promissory note, does not set up usury as a defense, but merely denies, in his answer, that the plaintiffs are *bond fide* holders, and avers that the note was without consideration, and void, he can not defeat a recovery on the ground of usury.

The fact that one of the makers of a note sold it for a less sum than the legal rate of discount, is not sufficient to impose upon the buyer, in a suit brought thereon, the burden of proving that he made inquiry as to the validity of the note.

Where a note is made by one partner, in the name of the firm, for his own use, the firm are liable upon the note to one who discounts it, where usury is not established; unless the holder had notice that the proceeds were not to be used for the benefit of the firm.

THIS action was brought to recover the amount of a promissory note purchased by the plaintiffs at a discount of eleven per cent per annum.

The note was signed with the firm name of S. H. & C. W. Foster, was drawn by S. H. Foster, one of the firm, for his own use, was not entered on the books of the company, and had nothing to do with the business of the firm. S. H. Foster, after he made the note, sold it to one Furman, at eleven per cent discount, who sold it to the plaintiffs at the

same rate. The answer denied that the plaintiffs were *bona fide* holders of the note, and averred that the note was without consideration and void. The judge, before whom the cause was tried, ordered a verdict for the plaintiffs, subject to the opinion of the court on a case to be made.

*D. Lord,* for the plaintiffs.

*E. Pierrepont,* for the defendant.

*By the Court,* INGRAHAM, P. J. It is very clear that if the defendants had set up the defense of usury in the answer they would have succeeded in their defense. The note was made for the accommodation of one of the defendants, and was sold by him at an usurious rate of interest. It was, therefore, clearly void for usury, not only in the hands of Furman, but of any other subsequent holder. But as the defendant has not pleaded this matter as a defense, it is equally clear that he can not now defeat the plaintiffs' recovery, for this cause.

The defense now relied on is that the note, so far as it purports to be made by the firm, is an accommodation note, or rather a note without consideration, and that the plaintiffs are not *bona fide* holders without notice, and therefore can not recover.

It can hardly be said that the note is, in any sense, an accommodation note. If it was issued for the purpose of raising money for S. H. Foster, then, although the other member of the firm might not be liable, still he would be if the note was bought by Furman, and would be, as to that defendant, free from any defense except that of usury. And as to Charles W. Foster, he would not be liable on it, unless it was passed to a *bona fide* holder who paid value for it, without notice of the facts under which it was made, or under circumstances which warranted the belief that it was used for the purpose of rasing money for the firm.

Mechanics' Bank of Williamsburgh *v.* Foster.

It is not necessary for us to decide whether Furman was or was not a *bona fide* holder. If he knew, when he took the note, of the circumstances under which it was put in circulation, he might be considered as the immediate usurious purchaser, and he would not come into possession of the note in the fair course of trade. His purchase with knowledge of such facts might not be bona fide. (*Ramsdell* v. *Morgan*, 16 *Wend.* 575. *Keutgen* v. *Parks*, 2 *Sandf.* 60.)

The usury, if there was any, was in the first purchase by Furman from Nelson, and that usury would taint the note in the hands of all subsequent holders, even if they paid the full value, without any knowledge of the previous transaction. The title to the note by that sale passed to Furman, but any recovery upon it was subject to be defeated by the defense of usury.

But the plaintiffs are not in the same condition, and do not stand in the same relation to the defendants. They had no knowledge that the note was sold for the benefit of the defendants, or either of them, and they can not be charged with any usurious intent. The sale of a note by a stranger, to the plaintiff, at a sum less than it would have been if only legal interest was deducted, was not necessarily usurious. The note had previously been put in circulation. The presumption was that it was issued for value. If the original sale to Furman had been free from usury, the subsequent sale to the plaintiff, although at a less sum, would not be an usurious transaction. After the note has thus passed into circulation, usury can not be predicated upon the dealings in regard to it by subsequent holders. It is only necessary, to defeat the charge of usury, to show in the first sale the payment of the whole sum except the legal discount.

Transactions in regard to the same paper, between the party to whom it was first sold and a subsequent purchaser, can not be the subject of usury to excuse the maker from payment.

The plaintiffs had a right to take the note, and as between them and Furman they were not limited to a legal rate of discount. The mere fact that the owner of the note was willing to sell it for a less sum was not sufficient to throw on the plaintiffs the responsibility of inquiry as to the character of the note. This is the only ground on which the *bona fides* of their purchase can be assailed; and if it did not require them to make inquiry as to the character of the note before they purchased it, it becomes immaterial. (*Steinhart* v. *Boker,* 34 *Barb.* 436. *Holmes* v. *Williams,* 10 *Paige,* 326.)

I am, however, disposed to go further in the decision of this case. The borrowing of money by one partner, on the note of the firm, is within the ordinary powers of a partner and within the ordinary course of business. Freed from the charge of usury, the defendants would be liable, unless knowledge that the proceeds were not to be used for the benefit of the firm was brought home to the party discounting it. The note, therefore, in Furman's hands, might, for all that was known to the plaintiff, be a valid note, and the presumption was that it was so, in the absence of any proof to the contrary. (*Warren* v. *French,* 6 *Allen's Rep.* 317.) The sale of the note, under such circumstances, to the plaintiff by Furman, was not a circumstance to put them on inquiry, or to deprive them of the character of bona fide holders for value. (*Connecticut River Bank* v. *French et al.* 6 *Allen's Rep.* 313.)

The judgment should be affirmed.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Geo. G. Barnard* and *Clerke,* Justices.]