Jones, J.
The first two branches of the motion are based on the grounds :
1. That the court had no power, on the motion to confirm the referee’s report, to order judgment for plaintiff, in opposition to the facts found, and opinion reported, by the referee.
2. That the court erred in holding that the charges of adultery in the complaint were established.
3. That all the proceedings for and including the referee’s report, are irregular, since they left the issues undisposed of.
To grant these branches of the motion upon any one of these grounds would be in effect to revise a decision made by a co-ordinate branch of the court after hearing both parties upon a motion regularly noticed. Such a decision can be reviewed only on an appéal from the order, or on a re-argument after leave granted. Bolles v. Duff, 56 Barb., 567, cited from 574.*
The third branch of the motion, however, substantially asks for leave to renew.
The question, then, is whether leave should be granted.
The .principles governing motions for leave to re-argue are well laid down in Bolles v. Duff (cited supra). They are that either some decision or principle of law *77 which would have a controlling effect has been overlooked, or some misapprehension of the facts has occurred.
From the opinion of the court delivered on granting the decree, I think there has been either a misapprehension of some of the facts, or that a controlling principle of law has been overlooked.
The proceedings had in this case, were such as are proper only where defendant makes default. In such cases, the usual order of reference is to take proof of the material facts charged in the complaint, and to report the proof with the referee’s opinion. If on such reference the referee report in favor of defendant, the court may (as was done in this case) refuse to confirm that report, and on the evidence returned render judgment for plaintiff.
But when an issued is joined, that issue must be disposed of in some way authorized by the law. It can be disposed of only by a trial, and there are but three modes of trial: one by jury, one by the court, and one by a referee (Code, §§ 253, 254, 255).
When trial is intended to be by referees, the order of reference must refer the issues to such referees, to be by them heard and determined, for, as is well observed by the learned justice who granted the judgment herein, “ A referee’s power is limited by the order of reference, and unless the order of reference empower him to hear and determine the issues, he has no such authority.”
There has been, as yet, no trial of the issues in this case, and they are yet undisposed of.
It seems to me that the learned judge must either have overlooked the fact that there was an issue joined, or the principles of law, which require an issue to be disposed of by a regular trial.
It is not surprising that such fact should have been overlooked, since the consent for, and order of, re *78 ference being such as are only proper in cases of defendants, the learned judge would naturally conclude (even supposing the pleadings to have been submitted to him) that the answer and reply had in some way been withdrawn from- the record. And it would not occur to counsel to prevent such misapprehension on the part of the court, arising from the form of the order, by calling attention to the fact that the issue still remains on the record, since they were evidently under the impression that such a reference was the proper mode of disposing of the issue by trial. .
I think these are sufficient grounds for granting leave to re-argue under the doctrine of Bolles v. Duff.
Leave to re-argue the motion for confirmation of the referee’s report is granted, such re-argument to take place on September 28, 1871, at 12 m.
All acts and proceedings by defendant under or by virtue of the judgment or decree herein, stayed until the decision of the motion on such reargument.

 See also a further - decision in same case, 10 Abb. Pr. N. S. 399, 416; and Hall v. Emmons, 9 Id. 370, 453,