LOUIS BOSWELL, Respondent, *against* FERDINAND WELSHOEFER, Appellant.

(Decided April 5th, 1880.)

In an action on a check made and delivered by the defendant for wines furnished to him by the plaintiff, a defense that the sale of the wines was in violation of statute must be pleaded in order to defeat a recovery.

APPEAL from a judgment of a district court in the city of New York.

The action was brought to recover the amount of a check executed by the defendant. The facts are stated in the opinion. Judgment was rendered for the plaintiff. From the judgment the defendant appealed to this court.

Boswell v. Welshoefer.

Van Hoesen, J.—This is an action on a check given by the defendant to the plaintiff. The answer was, first, a general denial, and, secondly, a failure of consideration. It appeared by the evidence that the defendant went to the house of the plaintiff on the morning of September 9th, 1879, and remained there till the 12th. Whilst there he called for wine, and was told that the plaintiff had no wine, whereupon he said that if the plaintiff would send out and procure wine he would pay $4 per bottle for it. Several cases of champagne and a quantity of Rhine wine were then bought by the plaintiff, and furnished to the defendant, who, in company with seven others, consumed what was so furnished. On the morning of the 11th the defendant gave his checks for the wine, though he remained in the house till the following day. One of the checks was paid, but the other was not, and this action is brought upon the latter check. The defendant was examined as a witness on his own behalf, and did not deny any of the statements of the plaintiff and his wife. The only reason he gave for not paying the check in suit was that it was a duplicate check.

The defense relied on at the trial was entirely different from the defense pleaded. On the trial, the principal point made by the defendant was that the plaintiff was not licensed to sell intoxicating drink.

The evidence that the plaintiff did not keep a liquor store, and that he was not licensed to sell liquor, was received, notwithstanding the plaintiff duly objected to it. That evidence was not admissible under the pleadings, and it constituted no defense, for the rule is, that " all defenses based upon the asserted illegality of the contract in suit, which admit the fact of a transaction between the parties purporting to be an agreement, and apparently binding, but which insist that by reason of some violation of the law the same is illegal and void, are new matter, and must be set up in the answer in order to be provable " (Pomeroy's Remedies, § 708).

The case of *Denton* v. *Logan* (3 Metc. 434), cited by Pomeroy, is one in which this rule was applied, where the action was by an innkeeper for liquor sold in violation of a

statute (see also Wait's Law & Practice, pp. 884, 885 and 886).

Even though the evidence may have shown that the sale of the wine was in violation of the statute, there being no such defense pleaded, the plaintiff was entitled to judgment (*O'Toole* v. *Garvin*, 1 Hun, 92).

There is nothing in the allegation that the plaintiff, in buying the wine, acted as the agent of the defendant. The evidence gives no warrant for any such pretension.

The judgment is right, and should be affirmed.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed.