Hall, J.
This is an appeal from a judgment in *385 favor of plaintiff at trial term, upon a trial before the court without a jury.
The action was upon a check or draft drawn by defendant in favor of plaintiff. The answer set up want of consideration, and under this answer defendant sought to prove that the clerk was given in settlement of a gaming transaction. I have carefully examined the authorities cited by the appellant and also many others, and have failed to find a single case which supports his contention, or which in any manner establishes the doctrine, that illegality of consideration (purely statutory) can be proven upon the trial under an answer simply alleging want of consideration.
The position of the respondent is, it seems to me, fully sustained by the authorities which he cites, and many others in this and other States and in England, and the rule seems to be firmly established, that where it is sought to prove the illegality of consideration for a negotiable instrument, or other contract sued upon, and such illegality does not necessarily appear f rom, the evidence offered by plaintiff to prove his contract, it can only be done under an answer specially pleading the illegality (Bolton v. Coghlan, 1 Bing. 640; Dungelden v. Third Ave. R. R. Co., 9 Bosw. 79 ; Mech. Bk. v. Williams, 44 Barb. 87; Tuthill v. Roberts, 11 Weekly Dig. 35 ; Boswell v. Welzhoefer, 9 Daly, 196). These cases are cited on respondent’s brief and sustain the point made by him, but I have examined several other cases on the point, and among them Hall v. U. S. Reflector Co. (18 Weekly Dig. 8).
The general term of the first department say : “ If defendant can succeed in defeating what otherwise appears to be a legal and valid claim, it must be upon some denial or defense alleged in the answer, and neither party can derive any advantage from evidence appearing upon the trial tending to establish a cause of action or defense not included in his pleading. In *386 O’Toole v. Garvin (1 Hun, 92), the general term oí this department»(opinion by Daniels, J.,) held, thatwhere a defendant wishes to defeat a recovery by plaintiff upon the ground that the contract upon which he is sued is illegal, the necessary facts must be alleged in the answer as well as proven upon the trial. Proving the same upon the trial is of no avail, not having them alleged, in the answer. And the court of appeals has settled this question in the case of Honegger v. Wettstein [reported at ’p. 393 of this vol]. The action was brought to recover for goods sold and delivered, and the defense was an undervaluation of the goods and an attempt thereby to defraud the revenue, and that in consequence the contract was illegal and void. This defense was allowed upon the trial, although not alleged in the answer and defendants succeeded ; the court of appeals reversed the judgment, and Miller, J., delivering the opinion, says: “Counsel for defendant insist that they, having proved that the goods sued for and alleged to have been sold at our price, were by the plaintiffs valued and entered at a lower price in the invoices prepared and transmitted by them, with the goods for the purpose of entering the same, for the purpose of entering them at the custom house; and that plaintiff had thereby knowingly made or attempted to make the entries thereof by means of the false invoices in consequence of which the goods were forfeited. to the United States. The court was bound to take notice of the undervaluation; and that the contract proved being fraudulent by law, the court could not give effect to the same and was justified in directing a verdict for the defendants. The correctness of this rule is beyond dispute, and where it is made to appear upon plain tiff’s own proof, or upon a defense interposed by the defendan ts in due form, that the contract in question was illegal, and that the goods were bought and sold for the express purpose of being introduced into the country in *387 violation of its revenue laws, and that the vendee is either a sharer in the illegal transaction or assisted in defrauding the customs, it is a defense to the action, and plaintiffs cannot recover; in the case at bar no such defense was proven by the plaintiffs and no such defense was set up in the answer. .... In the cases cited, the illegality was either pleaded or appeared on the plaintiff’s own showing. The examination which we have given to the questions considered leads us to the conclusion, that inasmuch as the defendants did not plead the defense of undervaluation, they were not at liberty, to insist upon the illegality of the transaction. The defendants were fully authorized to interpose the defense. They were acquainted with the facts relating to the sale of the goods and their shipment to this country. .... Having failed to set up this defense, the presumption is that no such defense in reality existed or that the defendants under the circumstances and for satisfactory reasons, did not deem it best to interpose the same.”
In the cases cited by counsel for appellant and in other late cases, it has been held, that a defendant could take advantage of the statute of frauds without specially pleading it, and the reason of this rule seems to be that in any case, where a plaintiff declares upon a contract, he is bound to establish a contract binding in law ; and that is precisely the distinction between that class of cases and the case at bar. In such cases it would necessarily appear upon plaintiff’s proof of the contract, that it was within the statute of frauds and void, but in the case at bar the plaintiff’s case was made out by the introduction of the check in evidence, and he did not require the aid of the illegal transactions to establish his case ; and this seems to be the test (Swan v. Scott, 11 S. & R. 155; Wright v. Antwerp Pipe Co., 30 Pitts. Leg. J. 235).
A gaming transaction was not void at common law, *388 and might form a valid consideration for a contract, and a party needs the aid of the statute to show that it is an illegal consideration, and if he intends to take advantage of it he must plead it, the same as usury, limitations or any other illegality not necessarily appearing upon the proofs offered to sustain the contract.
The appellant asked leave upon the trial to amend Ms answer so as to set up the facts showing the illegal character of the consideration. This was discretionary with the trial judge, and he denied the application, and as he had all the facts before him and we do not think his discretion abused, we must decline to reverse the judgment on that ground.
The judgment must be affirmed, with costs.
Note on Illegality as a Defense.
The practical importance of the question how far illegality is available if not pleaded, and the high authority of the case of Oscanyan Arms Co., 103 U. S. 261, which recognizes the principle that a court is not bound to sit for the enforcement of an illegal claim merely because the adverse party has not noticed the illegality in pleading, makes this and the next, cases of special interest.
The true view is probably one that would sustain the court in refusing to give relief upon an apparently illegal claim, and also in refusing to compel plaintiff to go on with the trial, if the illegality did not appear on the face of the pleadings or by plaintiff’s opening or evidence, until defendant had amended and opportunity had been given plaintiff to prepare for trial upon the issue of illegality.
A discussion of the question of the necessity of pleading such defense was recently had in the case of Marie ». Garrison (reported on other points in this vol. p. 328), and the opinion of Hon. Theo W. Dwight, the referee, on this question was in general accordance with the doctrine applied by Hall, J., to the case in the text.
That part of the learned referee’s opinion which relates to this question was as follows. The nature of the alleged ground of illegality appears in the report above referred to.
Dwight, Referee.—[After disposing of other questions.]—There is, however a ¡joint of mere technical nature to be considered, growing out of the rules of pleading and practice as now existing in this State.
*389 This is, that illegality in the contract is not capable of being used as a ground for dismissing the plaintiffs case, on a motion at the close of his testimony to dismiss the complaint.
It may be conceded that this is a serious statutory change in the law of pleading and practice, introduced into the law by the Code of Procedure (now Civil Procedure).
The leading authority upon this subject is McKyring v. Bull (16 N. Y. 297).
The elaborate opinion in this case was written by a very able judge, Samuel L. Selden, and concurred in by Judges Shankland, Com-stock, Brown, and Bowen. The history of a very relaxed rule of pleading, which had grown up in England, was traced, and which had permitted such defenses as payment, accord and satisfaction, release, etc., to, be resorted to under a general denial (page 300). This departure from principle is declared to have been in its consequences subversive of some of the main objects of pleading. It led to surprises upon the trial or to an unnecessary extent of preparation. The error had become so inveterate that the English courts found it impossible to retrace their steps without authority from Parliament. This authority was conferred by 3 and 4 William IV., c. 43, § 1, and a set of rules was thereupon adopted by the judges to require special matter to be pleaded by the defendant. These rules were further amended by a rule adopted in 1st Victoria (pages 301 to 306). The court then goes on to examine the section of the Code (then the 149th, now the 500th) which provides that the answer must contain any new matter constituting a defense, and holds that the word “must” supplies an imperative rule, and that, for example, payment, release, accord and satisfaction, arbitrament, etc., must be pleaded to be available to the defendant.
This luminous exposition of the law, made more than twenty-five years ago, has never been departed from, but has frequently been confirmed by subsequent decisions.
Accordingly, it has been held that the defense of illegality must be set up in the answer (Goodwin v. Mass. Mut. Ins. Co., 73 N. Y. 496; Cummins v. Barkalow, 1 Abb. Ct. App. Dec. 479, 485).
Tender must be set up in the answer (Sodenburg v. Ely, 90 N. Y. 266 ; Dewey v. Moyer, 72 N. Y. 77).
It will not be enough that the illegality appears in the proof. It must be alleged in the answer to be made available to the defendant (Brazil v. Isham, 13 N. Y. 9; Button v. McCauley, 38 Barb. 413; Wright v. Delafield, 25 N. Y. 266).
Accordingly, it has been decided in the highest court of the State that a successful motion to dismiss the complaint cannot be made at *390 the close of the plaintiffs’ testimony, even though illegality was disclosed by the testimony on the part of the plaintiffs (Valton v. Nat. Fund Life Ins. Co., 20 N. Y. 35, 36).
■ The court, it will be observed, in McKyring v. Bull, supra, .laid much stress on the fact that the English courts had found that the departure from principle in the old English law, whereby new matter had been proved under a general denial, had been productive of much mischief, and that they returned to true principle by rules in 3 and 4 William IV-, and later. These courts have reached the same conclusions as the New York courts on the point now under consideration (Fenwick v. Laycock, 1 Gale & Dav. 27, cited in opinion of Chancellor Walworth in Nellis v. Clarke, 4 Hill. 430). To this case may be added Clutterback v. Coffin (3 M. & G. 842); Potts v. Sparrow (1 Bing. N. C. 594); Bradshaw v. Hayward (1 Car. & Marshman, 591).
In fact, the present English rule, after an experience of the new system for fifty years, is very clear and specific, and as being derived from the same general thought as our own is worth quoting (English Supreme Court Buies of 1883, p. 54, sub-rule' 15): 1 ‘ The defendant or plaintiff, as the cáse may be, must raise by his pleading all matters which show the action or counter-claim not to be maintainable, or that the transaction is void or voidable in point of law, and.all such grounds of defense or reply, as the case may be, , as if not raised would be likely to take the opposite party by surprise, or- would raise issues of fact not arising out of the preceding pleadings, as for instance, fraud, statute of limitations, release, payment, performance, facts showing illegality either by statute or common law, or statute of frauds.”
I believe this rule to be as sound and salutary in principle as it is perspicuous in statement, and that, at least so far as the present point is concerned, it is an accurate summary of the law of New York.
. Mr. Pomeroy, in his work on remedies, under the Codes of the several States, gives this as the consensus of them all. He says: “The rule is well settled in strict accordance with the true theory of pleadings under the Codes, that all defenses, based upon the asserted illegality of the contract in suit, which admit the fact of a transaction between the parties, purporting to be an agreement and apparently binding, but which insist that by reason of some violation of law the same is illegal and void, are new matter and must be set up in the answer ” (§ 708).
A word should be said as to the case of Oscanyan v. Arms Co., 103 U. S., 261. In that case the court misapprehended the effect of the New York decisions, as shown by its remarks at the close of the first paragraph on page 267. Moreover, in the succeeding paragraph, *391 they show a determination to override them, even if they exist, basing their decision on a prior decision of Coppell v. Hall (7 Wallace, 542) having nothing to do with the New York code. My duty in this conflict of decision is to follow the New York decisions rather than that of the federal court.
It may be said, however, that there are some remarks of the court in Marie v. Garrison (83 N. Y. 26, 28), leading to the conclusion that the court discussed the question of illegality or fraud upon demurrer to the complaint, and that, accordingly, the defendant might on this motion raise the question on the plaintiffs’ testimony.
This argument is untenable. On a demurrer to the complaint the court is simply engaged in the construction of a written instrument, and nothing more. It is a settled rule of construction that the whole of an instrument must be taken together. So, if the pleader discloses illegality on the face of the complaint, the court must consider it with the other allegations (Calvo v. Davies, 73 N. Y. 211, 218). It was therefore proper for the court to discuss the whole tenor and bearing of the complaint upon this point. Having determined that the pleader had made no such blunder, the demurrer was overruled. The case now presents quite a different aspect. The demurrer is out of the way and is no longer available for any purpose (Wheelock v. Lee, 74 N. Y. 495). The case is now to be disposed of on complaint and answer. The complaint has been declared by the court of last resort to be good on its face. That is the law which must govern this court. The question now is, How can the defendant make use of the defense of illegality, as against a complaint, having in it no taint of that element or vice ? The answer has been shown from the authorities already cited: it is to the effect that he can make no use of it.
For these reasons I am of the opinion, that the defendant cannot raise the defense of illegality under the pleadings, as they now stand.
It is suggested that there is some hint or sketch in the answer of the defense of illegality sufficient to comply with the existing rule of pleading. I think not. It is not specific enough to show the intent of the pleader, or to meet the evil which the legislation on this subject is aimed at. This is, among other things, to guard the opposite party against surprise. I think that a defendant who means to raise the defense of illegality should be held to strict rules, and should express himself in plain terms. It is at best an ungracious defense, and particularly where one of the parties is in distress, and to relieve himself adopts measures which otherwise would not, perhaps, have suggested themselves to him. This defense is a peculiar object of *392 aversion to a court of equity, in which this case is now assumed to be. Accordingly, it was held in Haigh v. Kaye (L. R. 7 Chan. Appeals, 469, 473. a. d. 1872), that a defendant who wishes to rely on the illegality of a transaction must plead ft in distinct terms. On page 473 the court said: “ The plaintiff has called upon the defendant to reconvey the estate, and he suggests, by way of answer to that first of all, vaguely and faintly, that this transaction was not altogether a straightforward transaction; that this transaction was entered into with a view to defraud somebody else. The defendant says in effect, 11 am to remain in possession of the estate, because we were both of us engaged in a transaction contrary to the law, and you (the court) will not take it away from me to give it to a man who was as bad as I was in the matter; in fact, it was an illegal and fraudulent transaction against somebody else, and where there is an equal crime the court ought to hold that in pari delicto inelior est conditioy defendentis.'1 ” I pause for a moment in reading from the opinion to say that this is substantially what the defendant urges in the case at bar. I now proceed with the answer of the court in the case cited (Haigh v. Kaye, supra): “ However, the defendant has not raised that defense in the way in which, according to my judgment, such a defense ought to be raised. If a defendant means to say that he claims to hold property, given to him for an immoral purpose, in violation of all honor and honesty, he must say so in plain terms, and must clearly put forward his own scoundrelism if he means to reap the benefit of it.” This passage is cited with approval in Robbins v. Robbins, 89 N. Y. 256.
I do not cite this passage with a view of applying the stigmatizing terms used in it to the defendant. On the contrary, I believe that he was engaged in a perfectly valid and meritorious transaction with the plaintiffs. Still, even in that view, the principle is the same. He shall not be heard at all in a court of equity to raise the objection or illegality, whether well-founded or frivolous, unless he uses plain and distinct language. To this doctrine I give my most emphatic assent.
In every point of view, the objection of illegality, as made in this case, must be overruled.