Smith, P. J.
—Action of foreclosure. The defenses set up in the answers are that the bond and mortgage were executed under duress, and are without consideration. The referee has found against each of those defenses, and we are of the opinion, upon reading the printed case, that his findings in those respects, accord with the weight of the *86 evidence. This would seem to dispose of the appeal, but it is contended by the defendant’s counsel that the evidence shows that the consideration for the bond and mortgage was an illegal one, to wit, an agreement to prevent competition at a public sale. As the alleged illegality is not shown by the plaintiff’s proofs, nor pleaded by the defendants, it is questionable whether it is available as a defense. Under our present system of pleading, any new matter constituting a defense must be pleaded. Code of Procedure, § 149; Code of Civil Procedure, § 500; McKyrinq v. Bull, 16 N. Y., 297.
That rule has been applied in numerous cases where the alleged illegality consisted in the violation of a statute. Defense of usury (Mechanic's Bank of Williamburgh v. Foster (44 Barb., 87); wager policy (Valton v. National Fund Life Ass. Co., 20 N. Y., 32; Goodwin v. Mass. M. Life Ins. Co., 73 N. Y., 480, 496); violation of statute requiring that the designation, “& Co.,” shall represent an actual partner (O'Toole v. Garvin, 1 Hun, 92); gaming contract (May v. Burras, 13 Abb. N. C., 384); violation of revenue laws. Honegger v. Wettstein, Id., 393.
Mr. Pomeroy in his work on Remedies, under the Codes of the several states, in stating the consensus of them all, uses terms broad enough to include defenses of illegality based upon acts illegal at common law. Section 708. It is hard to see any reason for excluding that class of defenses from the rule. If they are within the rule, the defense under consideration is not available to the defendants in this action, it not having been pleaded.
But it is not necessary to decide that question, as we are of the opinion that the defense was not proved. The referee has not found that the intent of the arrangement or contract, in pursuance of which White refrained from bidding, was to prevent or suppress competition. And it is obvious from the evidence that such was not its purpose. Its object was to enable the defendant, Mrs. Ensign (who with her daughter, owned the equity of redemption under the will of Charles Ensign, deceased), to buy in the mortgaged property, at less than its value, and to secure to White the payment of his claim for professional services rendered for Holt, the surviving partner of himself and Ensign. Holt was insolvent and there was nothing out of which White could collect his claim, except the property left by Ensign. He might have made the amount of it by bidding at the sale, and he refrained from bidding in consequence of Mrs. Ensign’s agreement to secure his claim, if she became the purchaser. This arrangement was not illegal, although it had the effect, incidentally, to prevent competition between White and Mrs. *87 Ensign, its purpose being the one above stated. There is authority for saying that although, in general, an agreement by two or more persons that one of them only, will bid at an auction of property, and will become the purchaser for the benefit of them all, is illegal, if it be made for the purpose of preventing competition at the bidding, and depreciating the price of the property below the fair market value, yet it is otherwise if the purpose of the agreement be to enable each of the parties to become a purchaser, when he desires a part of the property offered for sale, and not the whole; or if the agreement be for any other honest and reasonable purpose. Phippen v. Stickney, 3 Metc., 384; Marsh v. Russell, 66 N. Y., 288; Marie v. Garrison, 83 id., 14; Myers v. Dorman, 34 Hun, 115. There being no finding of an unlawful intent, and the purpose of the arrangement being reasonable, the case is within the latter rule.
There was nothing in the position of Mr. White as an attorney, which made it unlawful for him to intervene, as he did, for the protection of his claim.
The judgment should be affirmed, with costs.
Barker, Bradley and Lewis, JJ., concur.