MILBANK <i>v.</i> JONES.

(<i>Superior Court of New York City, General Term.</i>  June 28, 1889.)

PLEADING AND PROOF.

Plaintiff sued, alleging a trust in his favor in defendant's hands. He introduced in evidence a contract which entitled him to certain funds in defendant's hands, if he should demand them after the happening of a certain contingency, and defendant did not object to the evidence. It was shown that the contingency did not happen, and that plaintiff had demanded the money. *Held* that, as plaintiff's evidence showed a different case from that pleaded, defendant could show that the purpose of the contract was illegal, though he pleaded only a general denial. FREEDMAN, J., dissenting.

Appeal from jury term.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*Booraem & Hamilton,* (*Ira Shafer,* of counsel,) for appellant.  *John M. Jones,* (*Joseph Fettretch,* of counsel,) for respondent.

SEDGWICK, C. J.  The complaint averred that on, etc., "the defendant above named received a trust for the plaintiff of $5,000 in cash, which said sum he has ever since continued to hold in trust for this plaintiff; that by the terms and conditions of the said trust under which said sum of money was received by said defendant, as aforesaid, it was understood and provided, and said trust was upon the express condition, that the same might be terminated by this plaintiff, on or after July 10, 1866, at his election; that heretofore, and on or about the ——— day of February, 1886, this plaintiff caused due notice to be given to the defendant of his election to terminate said trust, and demanded payment to him of the aforesaid said sum of $5,000." The answer denied each and every allegation of the complaint. The plaintiff on the trial gave in evidence a certain paper, which began with a form of a resolution. Then followed: "New York, June 14, 1866. Received of R. W. Milbank $5,000, and also certificate for shares, etc.; the said money and stock to be re-

turned to said Milbank, in case the resolution above shall not be passed and take effect before the 10th of July next,—it being understood and agreed that said Milbank shall have the right at his election, in case said resolution shall pass and take effect before the said 10th of July, to purchase back the said stock," etc.   "[Signed] MORGAN JONES;" and at the end was: "I assent to and join in the above understanding and agreement. R. W. MILBANK." The plaintiff examined a witness, who gave testimony, intended to show that the witness, in behalf of the plaintiff, demanded of the defendant, in February, 1866, the $5,000.   It was also found that the resolution did not take effect before 10th of July, 1866.   It will be perceived that the plaintiff failed to make the case averred in the complaint in point of fact.   He put in evidence an agreement which was not a declaration of any trust, and did not contain an express condition that the plaintiff might terminate the trust.   The supposed obligation of the defendant to return the money did not rest upon the will of the plaintiff, but upon the fact of the resolution taking effect before 10th July, 1866.   The defendant did not point out this variance, but proceeded to meet the case as or as plaintiff might claim it was made outside of the pleadings.   It might be claimed that after the demand the defendant held the money for the plaintiff.   The defendant then offered to show that the object of the transactions, as shown in plaintiff's case, was illegal, and that it was made to secure from defendant lobbying services.   The objection to this proof, and which was overruled by the court, was that such a defense had not been pleaded.   I do not think such an objection is good, when the plaintiff will recover if he succeed upon a case not stated in the complaint, but upon one that first appears in the evidence.   Nor do I think it should be sustained when, whether competently or not, but in fact, the plaintiff places himself upon a trust, specifically so called, and resulting from antecedent occurrences, although not said so to result.   The plaintiff chooses to affirm that a trust existed, meaning to give the facts that would prove the existence of the trust. The defendant should have the same kind of right to deny the existence of the trust, meaning to give in evidence the existence of facts, which would show that no trust can in fact exist.   I therefore think the judgment should be affirmed.

TRUAX, J., (*concurring.*)   I am of the opinion that it appeared on the plaintiff's own showing that the $5,000 was given to the defendant for the purpose of procuring the passage of a resolution by the common council of the city of New York.   In the words of *Mills* v. *Mills,* 40 N. Y. 546, it was not suggested that the defendant was a professional man, whose calling it was to address legislative committees.   He was simply to ask of the common council the passage of the resolution that was offered in evidence by plaintiff. Such a contract is void as against public policy.   At the close of plaintiff's case the defendant moved to dismiss the complaint, on the ground that no valid trust had been established, and that the alleged trust agreement was void, because it was made for the purpose of influencing legislation; that is, the action of the common council.   This motion should have been granted. It was denied, and subsequently both parties offered evidence.   It appeared from the cross-examination of the defendant, who was called as a witness in his own behalf, that he was a plumber.   Now, if we strike out all the testimony to which the plaintiff objected, we have this state of facts:   The plaintiff deposited with the defendant, a plumber, $5,000 in cash and certain stock, which money and stock was to be returned to plaintiff if the resolution above referred to was not passed so as to take effect before a certain day, and that it was not passed so as to take effect before the time fixed.   This evidence did not show the cause of action set forth in the complaint, and the defendant's motion to dismiss the complaint, made at the close of the case, should have been granted.   *Mills* v. *Mills, supra.*   This view of the case renders it unnecessary to discuss the interesting question of pleading suggested by the

exceptions taken by the plaintiff on the trial. I concur with the chief judge in affirming the judgment and order, with costs.

FREEDMAN, J., (*concurring in result.*) This action was brought to recover from the defendant a certain sum of money, with interest. The complaint states that the sum of $5,000 was in June, 1866, received by the defendant, and that it has ever since been held by him in trust for the plaintiff; that the conditions of the trust were such as to allow the plaintiff to terminate it at his election at any time thereafter; that in February, 1886, the trust was so terminated by a demand for the payment of the principal and accrued interest; and that the defendant refused payment. The answer contains a general denial. At the trial evidence was adduced by both parties, and the jury found for the defendant. The principal question presented by plaintiff's exceptions is whether, under the answer containing a general denial only, it was competent for the defendant to establish, as an affirmative defense, the illegality of the contract sued upon. This the defendant was permitted to do, against the repeated objections and exceptions of the plaintiff. In approaching the determination of this question, it may be conceded, at the outset, that under the system of practice prevailing at common law, the evidence would have been admissible under the general issue; for, under the general issue in *assumpsit,* anything was admissible which showed, or tended to show, that the plaintiff never had a cause of action. So it may be conceded that under a general denial in an answer in an action on contract the defendant may, under the Code as well as at common law, urge that plaintiff's evidence shows that no valid contract was made, and that for that reason he is entitled to a dismissal of the complaint. *Cary* v. *Telegraph Co.,* 20 Abb. N. C. 333; *Russell* v. *Burton,* 66 Barb. 539; *Oscanyan* v. *Arms Co.,* 103 U. S. 261. But it is quite another thing for a defendant to introduce, under a general denial, affirmative proof of illegality, in order to overcome a contract which on plaintiff's showing either appears to be valid, or presents a question for the jury as to whether or not it is valid. In such a case the defense of illegality, as an affirmative defense, is new matter, which, under the Code, must be pleaded in order to be proved. *Honegger* v. *Wettstein,* 94 N. Y. 252; *Goodwin* v. *Insurance Co.,* 73 N. Y. 480; *Cummins* v. *Barkalow,* 1 Abb. Dec. 479; *Codd* v. *Rathbone,* 19 N. Y. 37; *Bank* v. *Foster,* 44 Barb. 87; *O'Toole* v. *Garvin,* 1 Hun, 92; *Haywood* v. *Jones,* 10 Hun, 500; *Meyers* v. *Dorman,* 34 Hun, 115; *May* v. *Burras,* 13 Abb. N. C. 384; *Boswell* v. *Welshoefer,* 9 Daly, 196. For the same reason it has been repeatedly held by this court that, when the answer admits the making and the existence of the contract sued upon, and contains no allegations apprising the plaintiff that the nullity of the contract is meant to be relied on, the invalidity of the contract cannot he raised under the answer. *Schreyer* v. *Mayor, etc.,* 39 N. Y. Super. Ct. 1; *Pavement Co.* v. *Monheimer,* 41 N. Y. Super. Ct. 184. For the foregoing reasons I am clearly of the opinion that the defendant should not have been permitted to show affirmatively, as a part of his case, that the contract was illegal, on the ground that it was against public policy. The opinions expressed by my associates have satisfied me, however, that the said error does not help the plaintiff, because his own proof does not sustain the cause of action alleged in the complaint, and because, irrespective of the evidence erroneously admitted, the illegality of the contract sufficiently appears. From these considerations it follows either that the complaint should have been dismissed, or that, irrespective of the evidence erroneously admitted, a verdict should have been directed in defendant's favor. The judgment and order should be affirmed, with costs.