### MILBANK *v.* JONES.

(*Superior Court of New York City, General Term.* January 11, 1892.)

PRACTICE IN CIVIL CASES—SETTING ASIDE STIPULATIONS.

 Defendant's attorney, in consideration of plaintiff waiving his default, stipulated to interpose a general denial only as his defense. Defendant, claiming that this was done without his knowledge or consent, changed his attorney, and moved to set aside the stipulation and for leave to amend the answer. The motion was denied, but no appeal was taken. The action was tried, and an appeal taken from a judgment thereon to the general term, and from there to the court of appeals, which ordered a new trial. Defendant renewed his original motion, which was again denied. *Held* that, in view of the conflict on the question of defendant's knowledge or approval of the stipulation, and in consideration of his laches, the court would not grant the relief sought.

Appeal from special term.

Action by Robert W. Milbank against Morgan Jones. Defendant appeals from an order denying a motion to set aside a stipulation and for leave to amend the answer. Affirmed. For former reports, see 5 N. Y. Supp. 914, 28 N. E. Rep. 31.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*John M. Jones,* for appellant. *Booraem & Hamilton,* for respondent.

GILDERSLEEVE, J. The defendant being in default, his attorney entered into a stipulation by which the default was waived, without the payment of costs, on condition that defendant should interpose only a general denial. Afterwards the defendant, who claims that such stipulation was made without his knowlege or consent,—which assertion is denied by his former attorney, who made it,—changed his attorneys, and moved to set aside this agreement, and for leave to serve an amended answer, setting up, in addition to the general denial, the statute of limitations, and an allegation that the agreement of trust mentioned in the complaint was void, as against public policy. This motion was argued at special term in March, 1888, and denied; whereupon, on April 9, 1888, an order was duly entered denying said motion, from which order no appeal was taken. The case came on for trial in November, 1888, and a verdict was rendered for the defendant, the trial judge allowing the defendant to give affirmative testimony tending to show the illegality of the contract and trust set forth in the complaint. An appeal was taken by the plaintiff to the general term, where the judgment in favor of the defendant was affirmed. 5 N. Y. Supp. 914. Thereupon the plaintiff appealed to the court of appeals, where the judgment was reversed, and a new trial granted, on the ground of the inadmissibility of the defendant's testimony regarding the illegality of the contract and trust under an answer setting up merely a general denial. See this case in 28 N. E. Rep. 31. On July 1, 1891, the judgment of the court of appeals was duly made a judgment of this court; and on the same day a copy of the order was duly served on defendant's attorney, with notice of entry. The cause was thereupon placed on the calendar for a new trial, and notice of trial was served for the October term, 1891. On September 26, 1891, the defendant made a second motion, on substantially the same state of facts as the first motion, to set aside the stipula-

tion and for leave to serve an amended answer. This second motion was also denied, and from the order denying the same defendant appeals to the general term.

We are of the opinion that the defendant is guilty of laches. His proper course would have been to appeal from the order denying the first motion to amend the answer and set aside the stipulation. He was not justified in speculating as to what the result of going to trial on the original answer would be, and then, on finding the court of appeals against him, in renewing his motion to amend the answer, nearly four years after making the original motion. It will not be denied that the court has power to set aside or modify such stipulations as the one in question. See *Barry* v. *Insurance Co.*, 53 N. Y. 536; *People* v. *Mayor*, 11 Abb. Pr. 74; *Quinn* v. *Lloyd*, 7 Rob. (N. Y.) 542. Nor will it be disputed that the defendant has suffered injury by reason of the stipulation made by his attorney. But in view of the conflict of evidence on the question of defendant's knowledge and approval of the act of his attorney, and in consideration of defendant's laches, we do not think this is a case in which the court should interfere to set aside a stipulation, made by the attorneys for the respective parties, by which one gave up a right in return for the waiver of a right by the other. The order appealed from is affirmed, with $10 costs and disbursements. All concur.