DE BAUTTE et al. v. CURIEL et al.

(Superior Court of New York City, General Term.   January 3, 1893.)

1. PRINCIPAL AND AGENT—AUTHORITY TO BORROW—EVIDENCE.
In an action for money lent, the evidence showed that plaintiff lent the money to defendants' traveling salesman, who had been authorized by them to draw for any money he might need. The salesman had previously borrowed money and given drafts on defendants in payment, and these drafts had been paid, but before the loan by plaintiff his authority to draw had been revoked, though defendants continued to pay his drafts even after such revocation. *Held,* that whether the salesman had authority to borrow the money on defendants' account was for the jury.

2. ACTION FOR MONEY LENT—PLEADING—ANSWER—ILLEGAL CONTRACT.
In an action for money lent, the defense that the money was borrowed for an illegal purpose must be specially pleaded, being in the nature of new matter in avoidance of the contract.

Appeal from jury term.

Action by Louis P. De Bautte and others against Herman A. Curiel and others for money lent.   From a judgment entered on a verdict of a jury in favor of plaintiffs, and from an order denying a motion for a new trial, defendants appeal.   Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

E. J. Myers, for appellants.

M. S. Gutterman, for respondents.

McADAM, J.   The action is for "money loaned and advanced to the defendants," a copartnership firm, doing business under the title of the "United Brewers Company."   The answer admitted the partnership of the defendants under this title, and denied the other allegations of the complaint.   It appears by the evidence that the defendants were an importing wine house, and that their business was to sell different brands of wine.   One Farmer was a traveling salesman employed by the defendants, and was in the habit of spending large amounts of money to boom their wines.   About the end of April or beginning of May, 1890, Farmer, as the representative of the defendants, appointed the plaintiffs agents in New Orleans for the St. Marceaux, a brand of champagne controlled by the defendants.   It also appears that the defendants told Farmer, if he ran short of money, to draw on them for whatever was needed to meet requirements, and that his drafts would be honored. Acting on this authority, Farmer had a succession of transactions in which money was borrowed and drafts drawn, and in every instance but the present these drafts were honored and the moneys repaid.   There is evidence, also, that Farmer's authority had been revoked before the loan in suit was made; but there is further evidence showing that, notwithstanding this so-called "revocation," the defendants had evidently experienced a change of mind, for they continued to honor Farmer's drafts for loans made up to the time of the very transaction which gives rise to the present litigation.   The case, therefore, turned upon the question whether at the time the loan was made Farmer had subsisting authority to contract the obligation and bind the defendants for its performance.

This question was fairly submitted to the jury, who found for the plaintiff upon evidence satisfactorily sustaining the finding. This practically disposed of the entire case, and there is nothing left but to consider the exceptions taken, many of which are trivial and without merit.

The defendants contend that the money was borrowed by Farmer for an illegal purpose. Such a defense is in the nature of new matter, avoiding a contract, and must be pleaded. May v. Burras, 13 Abb. N. C. 384; Hopkins v. Ensign, 11 N. Y. St. Rep. 85; Honegger v. Wettstein, 94 N. Y. 252; Milbank v. Jones, 127 N. Y. 370, 28 N. E. Rep. 31; O'Toole v. Garvin, 1 Hun, 92, and kindred cases. We have failed to discover any error in admitting or excluding evidence, and the judgment and order appealed from must be affirmed, with costs. All concur.