1831.

Osgood
v.
Osgood.

---

## W. F. Osgood *vs.* Ann Osgood.

## Ann Osgood *vs.* W. F. Osgood.

Upon a bill filed by the husband against the wife for a divorce, upon the ground of adultery, the husband, upon the application of the wife, will be ordered to pay her a gross sum to defray the expenses of her defence, and also a reasonable sum for alimony during the pendency of the litigation, although affidavits are presented on the part of the husband, showing the guilt of the wife.

But the application of the wife for an allowance, to enable her to make her defence, and for alimony, will not be granted, unless she denies, in her peti-tion, on oath, the truth of the charge of adultery, or shows therein some valid defence to the husband's suit.

THESE were cross suits, brought by the husband and wife against each other, both claiming a dissolution of the mar-riage, on the ground of adultery. In the first suit, the wife put in an answer, without oath, denying the adultery charg-ed against her in the bill, and making recriminatory allega-tions of adultery against her husband. She thereupon pre-

October 18th.

sented petitions, in both suits, to the vice chancellor of the first circuit before whom the suits were pending, stating therein, among other things, that she was left by her husband destitute of any means of support ; also alleging her belief that the husband was worth from twenty to thirty thousand dollars ; and praying for an allowance from him to defray the expense of prosecuting and defending the suits, and for her support in the mean time. In answer to this application, the husband put in his affidavit, denying the charges of adultery made on the part of the wife, and alleging his own insolvency. He also produced affidavits of a great number of persons, to prove the charge of adultery against the wife, and other misconduct on her part, and to show that she sustained the reputation of a common prostitute. The vice chancellor made an order, directing the husband to pay $100 to the wife, or her solicitor, to enable her to defend and prosecute the suits ; and referring it to a master, to examine and report what alimony, if any, should be allowed and paid to her during the pendency of the suits. From this order, the husband appealed to the chancellor.

*H. S. Mackay,* for the appellant.

*J. Radcliffe,* for the respondent.

THE CHANCELLOR. The affidavits produced on the part of the husband, before the vice chancellor, presented a strong case against the wife ; and if those affidavits are true, she has no claim or pretence to be furnished with money, from the husband's daily earnings, to carry on this litigation. But in the case of *L. Wood* v. *C. Wood,* (Ante, 108,) this court held that the question as to the wife's guilt, could not be decided upon conflicting affidavits, on an application like the present. The case of *Perkins* v. *Perkins,* decided in September, 1828, was disposed of on a different principle. It is true that in that case affidavits were produced on the part of the complainant, showing that the defendant was a common prostitute, and that she kept a house of ill fame, in the city of New-York. The complainant, however, was an infant, without property, and the suit was prosecuted by his father, as his

next friend. The application, on the part of the defendant, was, that the next friend of the husband should furnish her with funds, out of his own property, to defend the suit. The court decided that the father could not be compelled to furnish her with the means of defence, and that he was not liable for alimony during the litigation. And upon the facts disclosed in that case, it appeared there were no reasonable grounds for staying the proceedings until the husband was of full age.

Upon the papers which were presented in this cause, however, there was a defect, which, if the vice chancellor's attention had been called to it, he would undoubtedly have considered a sufficient ground for refusing the respondent's application. The defendant, to a bill for divorce, charging her with the crime of adultery, is not bound to put in her answer on oath, as she cannot be called upon to criminate herself. But this court has frequently decided, that if she applies for an allowance to enable her to defend the suit in such a case, she must, in her petition, deny the adultery charged in the complainant's bill, or show that she has some other valid defence to the suit. The first petition presented in the case of *Wood* v. *Wood*, above referred to, was dismissed, because the wife had not denied, on oath, the adultery charged against her in the bill. But on a suggestion that the allegation of her innocence had been left out of the petition through mere inadvertence on the part of her solicitor, she was permitted to renew the application. Although this court will not, on an application for an allowance to defend the suit, or for alimony, decide as to the guilt of the wife, if she denies the charge on oath, yet, if her guiltt is open and notorious, as it is alleged to be in this case, she may be indicted and punished for the perjury if she swears to a petition which she knows to be false. If the recriminatory allegations in her answer and cross bill are true they furnish a good defence, although she might not be able to swear to her own innocence. But the cross bill is filed on her allegation of belief only; and the charges therein are fully denied, not only by the appellant's own oath, but also by the oaths of the persons with whom the offence of adultery is alleged to have been committed. If the wife, therefore, intended to rely on these recriminato-

*1831.*

*Osgood*
*v.*
*Osgood.*

ry allegations only, she should have procured the affidavits of the persons who gave her the information, and who knew the facts.

The order of the vice chancellor must be reversed, and the petitions be dismissed ; but without prejudice to the right of the respondent to renew her application to the vice chancellor, upon a new petition, denying on oath the adultery charged in the bill of the appellant. If, however, as alleged by the husband, the wife has sufficient property in her hands to defray the expenses of the suit and to support herself pending the litigation, he should not be called upon personally to advance any thing more, until that property is exhausted. And an order may bemade, authorizing such a disposition of the property as will give a good title to the purchaser.

The proceedings in this case are to be remitted to the vice chancellor.