*1832.*

SMITH
*v.*
SMITH.

## SMITH vs. SMITH.

Temporary alimony and money to carry on the suit will be allowed, notwithstanding the opposite party puts in a plea denying the marriage.

THE bill in this cause was filed by the wife against the husband for a divorce *a mensa et thoro,* on the ground of cruelty. It distinctly set forth the time and place of marriage and the name of the minister who officiated at the ceremony. The pleading was sworn to.

*January 23, 1832.*

*Alimony. Plea denying marriage.*

An application was now made for temporary alimony and money to carry on the suit.

The defendant, by way of meeting it, read his plea, sworn to, which unequivocally denied his ever having been married to the complainant. It was unaccompanied by any answer.

Mr. *Thomas W. Clerke,* for the applicant.

Mr. *Charles W. Sandford,* for the defendant.

1832.

CUNNINGHAM
v.
FREEBORN.

THE VICE-CHANCELLOR. A novel question is presented here. Although the defendant denies a marriage *de facto*, he has not denied cohabitation, or living together, nor the great cruelty set forth in the bill. At this stage of the suit, I do not think the plea sufficient to prevent the granting of the application. In *Smyth* v. *Smyth*, 2 *Adams*, 254, the court, in effect, granted temporary alimony, when in point of form it could not allot it to the wife until the fact of marriage was either proved or confessed by the husband.

I shall direct a reference to a master to ascertain the amount which ought to be allowed, according as the circumstances of the defendant may appear before him.

Ordered accordingly.