The Chancellor.
Tho petitioner is entitled to counsel fees to enable her to defend this suit, and also to a reasonable allowance for her maintenance during its pendency.
The prayer of the petition was resisted, on the ground that the answer admits the fact of the desertion, and that the allegations, made by the defendant under oath in her petition, are denied under oath by the complainant.
It is true the defendant admits that she did leave the house of her husband, and that her absence has continued for more than five years. But she justifies her conduct on the ground of her husband’s extreme cruelty to her, and because he kept iu his house lewd women, with whom he cohabited. This is a good ground of justification for the desertion complained of. If the facts are proved as the defendant states them, the complainant will not be entitled to a divorce. Indeed, although she left the dwelling of her husband, if she abandoned it for the reasons she alleges, she would be .entitled, on a bill filed by her, to a decree for divorce on the ground of desertion by her husband. It is the intent which constitutes the offence. If a husband, by his extreme cruelty to his wife, compels her, for her own safety and protection, to seek a home elsewhere than under her husband’s roof, she does not thereby desert her husband. If the husband’s cruelty *258 is practised for the purpose of driving Ms wife from his abode, and she flees from him to, avoid cruelty, he is chargeable with the offence of deserting his wife, and would be so regarded by this court' on a question for divorce. Bishop on Marriage and Divorce, § 515, 516, 517, 518, and references.
In a suit between husband and wife, whether the wife he the complainant or defendant, as a general rule, the wife, as a privileged suitor, is entitled to costs and alimony. The rule originally rested upon the principle, that the husband having by the marriage contract the control of the wife’s property, she was destitute of means for her own protection. The statute has changed the common law, and secures to the wife the ownership and disposition of property she may have at her marriage, or may acquire afterwards. 'When the wife is a suitor in court, the question will be — whether she has property independent of her husband, and the court will exercise its discretion in the allowance of alimony and costs, having reference to the respective pecuniary circumstances of the husband and wife.
In this case, the wife says she has no means to defend this suit. The complainant married her before the'year 1852. 'Whatever property, thérefore, she may have had at her marriage is under the control of the complainant. Since her separation from her husband, it is admitted she has maintained herself by her own industry. It does not appear that she has been able to do more than provide herself with a comfortable support. She ought to be provided with means to defend this suit; and there is nothing appearing in the progress of the suit, thus far, to prevent the adoption of the ordinary rule in like cases. Bray v. Bray, 1 Halst. Ch. R. 27; Wood v. Wood, 2 Paige 109.
In order to entitle the wife to alimony, she must deny, under oath, the charges which are .made against her as grounds for the divorce. The statute provides that, in .cases of divorce, the answer shall not he under oath. But *259 the defendant, by her petition, which is sworn to, denies the desertion, which is the gravamen of the bill. Cooper and wife v. Clason and others, 3 J. C. Rep. 521; Osgood v. Osgood, 2 Paige 621.
A reasonable counsel fee and alimony pendente lite are allowed.