Jones, J.
So far as this motion is based on the charge of adultery, it cannot be granted. The charges are all made on information and belief, and the defendant positively denies them. ISTo affidavits are tendered in support of them. The case then falls directly within the principle of Osgood v. Osgood, (2 Paige, 621.) The affidavit of the plaintiff respecting general admissions of the defendant to her, does not help her case. The plaintiff must sustain, her action upon the specific charges contained in the complaint. The admission in question, even supposing it does not contravene the rule prohibiting the wife from divulging private communications made to her by her husband, being coupled with a denial of the specific act charged, is insufficient to show that there is any reasonable expectation of the plaintiff’s succeeding, upon the charges of adultery made by her.
If she has any grounds for believing in the truth of the specific charges made by her, it is not unreasonable to require her to lay the grounds, or some of them, before the court.
So far as the motion is based on the charge of abandonment, it cannot be granted on the papers before me." The allegations on the part of the plaintiff, and those on the part of the defendant, bring the case directly within Hollerman v. Hollerman, (1 Barb. 64.)
The motion must be denied, so far as the ground' of adultery is concerned. As an opportunity was given the plaintiff to produce further affidavits in support of the charge of adultery, which opportunity she availed herself of by furnishing her own affidavit in support of the charge of adultery, leave should not be granted her to renew the motion on that ground. But as she may have a cause of *155 action, on the ground of abandonment, which she may reasonably expect to sustain, and as she was not accorded an opportunity to meet the defendant’s allegation on that subject, she may renew her motion, on that ground, upon additional affidavits.