MELISSA HOVER *vs.* JOHN W. HOVER AND LODOWICK HOVER.

When the wife files her bill for divorce, temporary alimony will be allowed, notwithstanding the equities of the bill are denied in the answer. And where the answer on oath charges the complainant with ill conduct, she will be allowed alimony, if such conduct be denied by affidavit.

An injunction may be granted to prevent the husband from disposing of his property, where it appears necessary in order to secure alimony to the wife. And third parties may be restrained from disposing of property claimed by them where the bill alleges such property to belong to the husband, and charges collusion between such third party and the husband

*Bay Circuit, in Chancery.*

Motion to dissolve injunction on bill and answer.

The bill is filed for divorce on the ground of extreme cruelty, and asks for alimony.

It charges collusion between defendants, to defeat complainant's application for alimony, by suppressing an unrecorded deed made heretofore by Lodowick to the other defendant, who is complainant's husband, of land worth $1,600, and by holding out and pretending that Lodowick is the owner of certain specified personal property, which is alleged to belong to John W. Hover. The bill alleges that John was the owner of a certain grey mare, which complainant took into her possession after her husband had ill treated and abandoned her, and which she stills retains. The injunction restrains the defendants from destroying said deed, from selling or disposing of the land or the personal property, and from re-taking said mare.

The motion to dissolve is made on three grounds.

1.   That the answer denies all the equity of the bill.

2.   That an injunction can not be made auxiliary to any relief that can be granted in divorce cases.

3.   That this injunction suspends the right of Lodowick Hover to dispose of his separate property.

The Court will grant alimony only as incidental to other relief. *Har. Ch. R.*, 19.

Hence if the answer denies the equity of the bill, it negatives the title to that relief to which alimony is incidental—the right to a decree for divorce.

*By the Court*, SUTHERLAND, J.—

It was contended on the argument that the answer denied the form but not the substance of the allegation in the bill. Some of the denials appeared to me at the time to be liable to that charge, but a closer reading has satisfied me that such portions of the answer had that appearance by inadvertence of the pleader; that there was no attempt to gain the advantage of a denial by a *negative pregnant*. The denials fully cover the averments on which a divorce is asked.

It was principally objected to the answer that the *jurat* did not show that defendants swore positively to the denials of the facts on which the claim of a divorce rests.

As I construe the *jurat*, they separtely made oath that the an-

swer was true of their own knowledge, except as to such matters as were separtely stated by both on information or belief.

In that view, the equity of the bill has been fully denied in the answer. It was full. It contains such a statement of complainant's conduct towards her husband, as is not only in marked contrast with her statements in the bill, but such as tend strongly to show that he is the injured and outraged party.

The injunction has been obtained to render effectual a decree for alimony, both temporary and permanent, the former during the pendency of the suit, and the latter afterwards. One is a provision for the time being, to enable the complainant to prosecute the suit, either after a showing of merits, or in spite of a showing to the contrary. The other, as the relief to which she is entitled as an incidental consequence of the decree for divorce.

If the equity of the bill is fully denied, probably an injunction would not be continued with any view to permanent alimony, but other considerations prevail on the subject of the allowances during the pendency of the suit. By our statute such allowance may be granted in the discretion of the Court. 2 *Comp. L.*, § 3234.

A similar statute was in force in New York before our statute was enacted. The construction given to it in New York may be considered as adopted here with the law.

In cases for separation the discretion is sparingly exercised.— There must appear a meritorious cause of complaint. *Worden vs. Worden*, 3 *Edw.*, 387 ; *Hollerman vs. Hollerman*, 1 *Barb S. C. R.*, 64 ; *Snyder vs. Snyder*, 3 *Id.*, 621 ; *Bissell vs. Bissell*, 1 *Id.*, 430.

In a recent case in that State, the wife being plaintiff, applied for alimony after answer by the husband, not only denying the acts of misconduct and abandonment set up by the complainant, but excusing his own conduct and setting up the ill conduct of the plaintiff. These allegations were neither denied nor explained on the motion for alimony, and it was denied. 2 *Van Santo. Ch. Pr..* 374, citing *Carpenter vs. Carpenter*, 19 *How.*, 59.

But in cases for *divorce*, temporary alimony and money to carry on the suit are granted almost of course. *Story vs. Story, Walk. Ch R.*, 421 ; *Wright vs. Wright*, 3 *Edw.*, 62 ; *Graves vs. Graves*, 2 *Paige*, 61 ; *Hammond vs. Hammond*, 1 *Clarke*, 151 ; *Bissell vs.*

*Bissell,* 1 *Barb. S. C. R.,* 430; *Goldsmith vs. Goldsmith,* 4 *Mich.,* 285; 3 *Barb. Ch. R.,* 628.

It will generally be granted to her if she as complainant or defendant denies on oath the misconduct imputed to her in the answer or bill of her husband. The courts will not try her guilt or innocence on conflicting affidavits. *Smith vs. Smith,* 1 *Edw.,* 255; *Stanford vs. Stanford, Id.,* 317; *Wood vs. Wood,* 2 *Paige,* 109; *Osgood vs. Osgood,* 2 *Paige,* 621.

A charge of former or past misconduct or proof of it, does not deprive her of the means of supporting herself during the litigation, and of the means to sustain the suit. 2 *Van Santo Ch. Pr.,* 276.

It would be otherwise, it seems, in case of a present, continuing and notorious misconduct, as living in open adultery while the suit is in progress. *Id.,* citing *Fowler vs. Fowler,* 4 *Abbott,* 412; *Griffin vs. Griffin,* 21 *How.,* 364; 6 *Mich.,* 285.

These considerations are appropriate to a hearing for alimony, and illustrates the propriety of continuing the injunction if it can be regarded as auxiliary to that relief if seasonably applied for.

2. A few remarks will suffice on the subject of using an injunction to aid in making the relief effectual.

The statute authorizes the Court to act directly on the property of the husband to secure the allowance which may be ordered. 2 *Comp. L.,* § § 3234, 3248.

If any ground is stated which in ordinary cases would justify injunction to prevent a threatened wrong, it will, on generl principles, justify resort to this precautionary measure in this class of cases.

3. The supposed separate property which the third ground of the motion alleges that defendant, Lodowick Hover, is prevented from disposing of, is the property which the bill claims to belong to the husband. The injunction operates no further.

The injunction will be continued until the next term of the Court, and until an opportunity is afforded to make an application for alimony, and no longer than till the decision of such an application, if then made, unless continued by order of the Court.