York v. York.

Divorce: ALIMONY PENDENTE LITE. To warrant an order granting temporary alimony, the fact of marriage between the parties must be admitted or proved.

*Appeal from Marshall District Court.*

THURSDAY, JULY 25.

ACTION for divorce. Motion for temporary alimony sustained. Defendant appeals. The necessary facts appear in the opinion.

*Henderson Bros.* and *Merriman* for the appellant.

*Boardman & Brown* and *Withrow & Wright* for the appellee.

DAY, J. — The answer of defendant denies his marriage to plaintiff. In support of his motion, plaintiff presented the affidavits of George Glick, James L. Williams and of her father, S. C. Barnhart. George Glick states that in the spring of 1870, J. B. York introduced to him Eliza A. Barnhart, and afterward said she was a good girl and a good housekeeper, and that he had a good notion to marry her; and that afterward, in Marshalltown, he introduced plaintiff as his wife, and said that he and Eliza had just got married. James S. Williams states that in May or June, 1870, in Marshalltown, defendant introduced to him plaintiff as his wife. S. C. Barnhart states that on the 3d May, 1870, the plaintiff, his daughter, left his house in State Centre township, in company with defendant, to be married to him in Marshalltown; that they returned the next day and claimed to have been married; and that they cohabited together, at defendant's house, from that time to November 3, 1870; and that he had

frequently heard defendant introduce, to persons visiting him, the plaintiff as his wife.

The defendant, resisting the motion, filed the affidavit of himself, and those of James W. Bailey and J. S. Ewing. James W. Bailey states that the reputation of plaintiff for chastity and morality, where she formerly resided, in Illinois, is not good. That of his own knowledge she is a woman of loose morals, and that upon two occasions he saw her having criminal intercourse with men.

J. S. Ewing states that in June, 1870, plaintiff came into his store, in State Center, the defendant remaining outside, somewhat under the influence of liquor; that plaintiff made some light remark about defendant being intoxicated; and that in reply to his question " what she married such' a man for ?" She replied "thank God! I am not married to him." The defendant, in his affidavit, states that in April, 1870, he frequently had sexual intercourse with plaintiff, and that about May 3, 1870, he and plaintiff visited Marshalltown and registered at the Willard House, as " J. B. York" and " Eliza, housekeeper;" and that, at that time, by frequent and earnest solicitations of plaintiff, he represented to certain persons that she was his wife, for the purpose of concealing and covering up the crime of lewdness; that while they were guests at said hotel, plaintiff requested that he would represent to her parents that they were married in Marshalltown, and stated that on their return she would become his housekeeper at a stipulated sum per week; that he at first refused to enter into the arrangement, but finally, upon her earnest solicitation, with a full and complete understanding on her part that the same was untrue, he did, at various times and to divers persons, for the purpose aforesaid, represent that plaintiff was his wife; that they were never joined in marriage, either with or without license and ceremony; that there never was a contract of marriage between them, nor any understanding or agreement of such a character.

That plaintiff continued to cohabit with defendant till November, 1870, when she quit his employment, and commenced a prosecution against him for seduction, conspiring with her parents to extort money from him, etc.

· The facts disclosed, in our opinion, do not warrant the order granting temporary alimony. Alimony is a right that results from the marital relation, and the fact of marriage between the parties must be admitted or proved before there can be a decree for it, even *pendente lite.* Bishop on Mar. and Div. (3d ed.) § 570, and cases cited.

Here the existence of the marriage is unequivocally denied. It is sought to be supported only by the fact of the cohabitation of the parties, and that defendant, upon several occasions, introduced plaintiff as his wife. In opposition to this it is shown, by the affidavit of Ewing, that plaintiff stated they were not married, and the affidavit of defendant explains the circumstances of the introduction of plaintiff as his wife, and clearly shows that the cohabitation was meretricious. The statement of this affidavit the plaintiff does not deny. If it be true, as claimed, that they were married in Marshalltown on the 3d of May, 1870, the plaintiff could have no difficulty in clearly establishing the fact. We concede that cohabitation alone may make out a *prima facie* case of marriage, but when it is shown that the parties have lewdly cohabited, the presumption of marriage is rebutted.

The case of *Smith* v. *Smith,* 1 Edw. Ch. 255, cited by appellee, is a very brief one, and simply decides that a denial of marriage, without a denial of cohabitation, is no answer to the wife's application for alimony. In that case the application for alimony was submitted upon the petition and answer alone. In this case the affidavits show that no marriage in fact occurred, and that none could be presumed from the nature of the cohabitation.

The case of *Hereforth* v. *Hereforth,* 2 Abb. Pr. Rep., N. S., 489, is not in harmony with our views herein expressed;

but that is a *nisi prius* décision, and is in conflict with what we regard the better doctrine.

The judgment of the district court is

Reversed.