AMELIA MERRITT, Respondent, *v.* JOHN H. MERRITT, Appellant

The fact that a wife, plaintiff in an action for divorce, has some separate property, while it is a circumstance to be considered, in measuring the amount of the temporary alimony, does not bar her rights, or deprive the court of its discretion upon her application for such alimony, when it appears that the property did not come to her from her husband, and the income therefrom is not so great as to render all allowances unnecessary,

*Collins* v. *Collins* (80 N. Y. 1) distinguished.

(Argued April 28, 1885 ; decided May 5, 1885.)

THE appeal in this case was from an order of General Term which affirmed an order of Special Term, granting an allowance for alimony *pendente lite* in an action for temporary divorce brought 'by the wife. The application was opposed among other things, on the ground that plaintiff had means of her own sufficient for her support. Defendant's opposing affidavit alleged that plaintiff recently sold a house and lot, her separate property, for $12,000, which money she has. In answer to this, plaintiff showed that the house and lot was incumbered to the amount of about $5,500, which was paid from the purchase-money; that the balance was being rapidly used up for necessary expenses, and but about $3,000 thereof remained. An allowance of $13 per week was granted.

The court here say :

" The small amount of property which the plaintiff possessed at the time of her application for temporary alimony did not come from her husband. The income which it would furnish her was not so great as to deprive the court of the exercise of its discretion upon her application, and absolutely to bar her right to temporary alimony. The fact that she possessed some separate property was a circumstance to be considered by the court in measuring the allowance which was to be made for her. The case of *Collins* v. *Collins* (80 N. Y. 1) is distinguishable from this, and nothing decided in that case forbids the affirmance of this order.

" The order should be affirmed."

*Edward P. Wilder* for appellant.

*Edgar Ketchum* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Order affirmed.