## VINCENT *v.* VINCENT.

*(Common Pleas of New York City and County, Special Term.* February 11, 1891.)

1. DIVORCE—ALIMONY PENDENTE LITE—PROOF OF MARRIAGE.

In an action for divorce, to authorize the allowance of alimony *pendente lite*, the fact of marriage need not be established with the clearness and conclusiveness necessary to a final adjudication of the rights of the litigant parties, but it is sufficient if the putative wife makes out a reasonably plain case of the existence of the marital relations; and if, after such a showing, the husband challenges the validity of the marriage because of his incapacity to contract it, the burden is on him to defeat the *prima facie* case, and to establish his affirmative defense.

2. SAME—ILLICIT INTERCOURSE.

Evidence that, after illicit intercourse between plaintiff and defendant, resulting in plaintiff's pregnancy, there was a non-ceremonial marriage between the parties; that thereafter defendant and plaintiff lived together as husband and wife; that defendant specifically, and in writing, introduced her as such; and that he gave her child his name,—sufficiently establishes the fact of marriage to authorize the allowance of alimony to plaintiff *pendente lite*, though defendant denies the marriage, and though the intercourse between the parties was illicit in its inception.

3. SAME—INVALIDITY OF MARRIAGE AS A DEFENSE.

On a motion for alimony *pendente lite*, an affidavit by defendant that "he is a married man, and has been such for many years," is not a sufficient allegation of the fact that, at the time of his marriage with plaintiff, he had a living and lawful wife; and does not overcome the presumption that the marriage between himself and plaintiff was lawful, and the issue thereof legitimate.

4. SAME—PLEADING INVALIDITY OF MARRIAGE.

In an action for divorce, the defense that defendant had another wife living at the time of his alleged marriage to plaintiff must be pleaded, to be available, and cannot be shown under an answer consisting of admissions and denials.

Action by Emily Vincent against Ludger C. Vincent, for divorce. Plaintiff moves for alimony and counsel fees *pendente lite.* Motion granted.

This decision was affirmed, without opinion, in 14 N. Y. Supp. 957.

*W. M. K. Olcott,* for plaintiff. *Hirsh & Rasquin,* for defendant.

PRYOR, J. That, to authorize an allowance of alimony *pendente lite,* the existence of the marital relations must be shown to the satisfaction of the court, is a settled rule in the jurisprudence of this state; but, as in other preliminary contestations, the fact is not to be established with the clearness and conclusiveness exacted of proof as the basis of a final adjudication upon the rights of the litigant parties, but it suffices if, on an application for alimony, the putative wife make out "a reasonably plain case of the existence of the marital relations." *Brinkley* v. *Brinkley,* 50 N. Y. 184. Again, if a marriage in fact be shown to the satisfaction of the court, but the alleged husband challenges its validity because of his incapacity to contract the relation, the burden is upon him to defeat the *prima facie* case, and to establish his affirmative defense. *North* v. *North,* 1 Barb. Ch. 241; *Smith* v. *Smith,* 1 Edw. Ch. 255; *Brinkley* v. *Brinkley,* 50 N. Y. 184, 193, where it is said: "When, marriage in fact being denied, the affirmative is on the party claiming to be the wife to show that an actual marital relation ever existed, there alimony will be denied until the fact is proven to the satisfaction of the court, or is admitted; * * * where an actual marriage has been admitted or shown, and its existence in law is sought to be avoided by some fact, set up by the husband, and it devolves upon him to show that fact, there alimony will be granted until that fact is shown." And on page 194: "Any facts and circumstances being shown which are sufficient for a court to presume therefrom an actual marriage, they are also sufficient for a court thereon to found an order granting temporary alimony, though other allegations which are at issue, once being established, would repeal such a presumption." Bearing in mind this authoritative enunciation of the rule of law governing the case, I proceed to inquire—*First,* whether, upon the proofs, the fact of an actual mar-

riage satisfactorily appears; and, *secondly*, whether the defendant so conclusively shows the illegality of the marriage as to render it impossible for the plaintiff to prevail on the trial.

It is the settled law of this state that while, on the one hand, repute and cohabitation do not constitute marriage, but are only evidence of it, yet, on the other, that no form or ceremony is requisite to its validity, but that to the legal sufficiency of the marriage, as of every other contract, nothing more is indispensable than an agreement of capable parties. Hence, "an agreement made in the present tense, whereby the parties assume towards each other the marital relation, is an actual marriage. This agreement may be written or verbal, with or without witnesses, and may be proved like any other contract. When proved to the satisfaction of a court of justice, it constitutes a lawful marriage." *Bissell* v. *Bissell*, 55 Barb. 325; *Fenton* v. *Reed*, 4 Johns. 52; *Clayton* v. *Wardell*, 4 N. Y. 230; *Ferrie* v. *Public Administrator*, 3 Bradf. Sur. 151; *Rose* v. *Clark*, 8 Paige, 574; *In re Taylor*, 9 Paige, 611; *Cheney* v. *Arnold*, 15 N. Y. 345; *Hayes* v. *People*, 25 N. Y. 390; *Van Tuyl* v. *Van Tuyl*, 57 Barb. 235; *Brinkley* v. *Brinkley*, 50 N. Y. 197, 198. The evidence in this case tends to establish, and to my mind does establish, that in November, 1886, defendant, a practicing physician, by a promise of marriage, debauched the plaintiff, a girl 17 years of age, in his office, and while she was under his professional care; that their illicit connection continued, and resulted in her pregnancy; that on the 22d of February, 1887, she took up her residence in his house, and lived with him as his wife until the 3d day of January, 1891; that meanwhile they were recognized and regarded by friends and acquaintances as husband and wife; that he introduced and represented her as his wife; that he gave her a wedding ring inscribed "L. O. V. to E. F., Feb. 22, 1887," (her maiden name being Emily Finney;) that on the 22d of February, 1887, she demanded of him, in fulfillment of his promise, a ceremonial marriage, but, professing to be an "unbeliever," and unwilling to enter a church, he said to her, "We will now live together; you are my wife, and every one will know it, and we are exactly the same as though married by a minister;" and that she accepted this assurance, and acted upon it, by assuming towards him the relation of lawful wife. Thus the fact of the marriage of these parties is established by every species of evidence. First, the fact is shown by repute and cohabitation. It is argued, however, that the intercourse, being illicit in its origin, proves a meretricious, not a matrimonial, cohabitation. But the presumption against the marital relation from the fact of its licentious inception is repelled by proof of a subsequent marriage; and to establish a change from a meretricious to a matrimonial connection, "it is not essential to show the precise time and occasion thereof; it is sufficient if the facts show that such a change must have occurred." *Badger* v. *Badger*, 88 N. Y. 548. Here the proof is explicit and precise of the transformation of the connection into a matrimonial relation by the "new marriage contract," which the court of appeals decides to be sufficient and effectual for the purpose. *Collins* v. *Collins*, 80 N. Y. 1. In the second place, the admissions of the defendant furnish cogent evidence of the fact of a marriage. Not only did he, in a general way, hold plaintiff out to the world as his wife, but he specifically and in writing introduced her as such; he gave her child his name; and, by the present of the marriage ring, he purposely provided her with an enduring testimonial of their honorable relation. *Bissell* v. *Bissell*, 55 Barb. 325. Finally, the conjugal relations of these parties are established by direct and positive proof of an actual marriage, in conformity with the law of the state. True, the defendant denies this marriage; but his testimony is unsupported, and is in conflict with his own acts and admissions, while that of the plaintiff is so corroborated as to carry conviction to the judgment.

Assuming the fact of an actual marriage between the parties, defendant

impugns its validity upon the ground that he was already a married man; and the question is, does he give satisfactory proof that, at the time of his marriage with plaintiff, he had a then living and lawful wife? No such defense is alleged in the answer, which consists only of admissions and denials. It controverts the allegation of marriage in the complaint, but omits either to aver the invalidity of the imputed marriage or to allege the former marriage of the defendant. Can he, upon the pleadings, prove such invalidity, or former marriage? In *Collins* v. *Collins*, 80 N. Y. 2, a similar case, the answer alleged former marriage; and such I suppose to be the proper pleading. If the complaint exhibit a contract illegal on its face, a demurrer reaches the defect; but if the complaint show a contract apparently valid, but which is avoidable by matter *aliunde*, the answer must allege that matter, or else the defendant be debarred of the defense. Hence, usury must be pleaded, (*Haywood* v. *Jones*, 10 Hun, 500;) so, a gambling consideration, (*Goodwin* v. *Insurance Co.*, 73 N. Y. 480, 496; *Vischer* v. *Bagg*, 21 Wkly. Dig. 399;) so, that the contract is contrary to public policy, (*Schreyer* v. *Mayor*, 39 N. Y. Super. Ct. 1; *Cummins* v. *Barkalow*, 1 Abb. Dec. 479;) so, that the contract is void under the statute of frauds, (*Porter* v. *Wormser*, 94 N. Y. 432; *Myers* v. *Dorman*, 34 Hun, 115.) The rule is that if the contract be not void on its face, and plaintiff can make out his case without exposing its invalidity, the defense of illegality must be pleaded. *May* v. *Burras*, 13 Abb. N. C. 384; *Tuthill* v. *Roberts*, 11 Wkly. Dig. 35; *Valton* v. *Assurance Co.*, 20 N. Y. 32; *O'Toole* v. *Garvin*, 1 Hun, 92; *Codd* v. *Rathbone*, 19 N. Y. 37. However the rule may be elsewhere, in this court it is settled that the defense of the illegality of the contract must be pleaded in the answer. *Boswell* v. *Welshoefer*, 9 Daly, 196. In this case the complaint alleges a valid contract of marriage, and plaintiff proves it. Plainly, the fact that defendant had another wife is new matter in avoidance, and so, upon principle and authority, must be pleaded to be available. As the defense, therefore, is not in the case, I might decline to consider it as a bar to alimony.

Looking, however, to the defense as stated in the affidavit, I do not conceive it to be so conclusively established as to make hopeless an attempt to contest it; and so, upon the authority of *Brinkley* v. *Brinkley, supra*, plaintiff should be awarded alimony pending the litigation. The affidavit sets forth the defense in these words: "This deponent further says he is a married man, and has been such for many years, though living separate and apart from his wife." Is this meager statement a sufficient allegation of the fact that, at the time of his marriage with plaintiff, he had a living and lawful wife? Who she is, where she is, when, where, or how he married her,— each of these circumstances defendant industriously avoids to indicate. Whether the alleged wife be now living, or, if living, undivorced from defendant, is not clearly and conclusively apparent upon the pleading. Nay, more, defendant's allegation may be literally true, and yet he not have been a married man when he married the plaintiff. The allegation is that he has been a married man "for many years;" but his affidavit is dated 23d January, 1891, and his marriage with plaintiff occurred 22d February, 1887,—nearly four years ago. It is, therefore, not a necessary inference from the allegation that defendant was married to another woman at the time he wedded with plaintiff; nor, on a prosecution for bigamy or perjury, would that allegation suffice for his conviction. In pleading the illegality of a contract the defendant should be held to clear and positive averments. Hence, in an action against a common carrier for non-delivery, it was held that an answer of an intention to smuggle, without more particulars, was insufficient. *Donovan* v. *Compagnie, etc.*, 39 N. Y. Super. Ct. 519. At all events such an allegation as we have here from the defendant is ineffectual to overcome the presumption, in favor of innocence, that the marriage in fact was a marriage in law, and that the issue thereof is legitimate. The objection now urged that plaintiff, in her answering affidavit,

does not sufficiently controvert defendant's allegation of his former marriage by saying she does not believe it, is of no force; for how could she otherwise challenge a fact so badly stated, without predicate of time, place, circumstance, or person? To conclusively disprove the allegation would require of her evidence that defendant was not married to any one of the millions of women on the habitable globe,—a preposterous undertaking.

The motion is granted, with costs, and the alimony is fixed at $25 a week, and the counsel fee at $300.