(3 Misc. Rep. 598.)

SINN v. SINN.

(City Court of Brooklyn, General Term. May 22, 1893.)

ACTION TO CANCEL MARRIAGE — ALLOWANCE TO WIFE FOR EXPENSES OF DE-
FENSE.

    Plaintiff sought to have his marriage to defendant declared void, on the ground that she was previously married, and that a divorce procured by her in a foreign state was void because the summons was served by publication. Defendant alleged that a divorce procured by the wife of her first husband in another state was likewise void for the same reason. Plaintiff was in receipt of an annual income of $20,000, and had that amount in bank. Defendant had $2,800 in bank, and some jewelry and stage wardrobe, her paraphernalia as an actress. She had been unable for a year to procure employment at her usual work. *Held*, that plaintiff was properly required to pay her $750 to pay the expenses of conducting her defense.

Appeal from trial term.

Action by William E. Sinn against Cora S. Sinn to have a marriage between the parties declared void. From an order allowing defendant $750 to defray the expenses of conducting her defense, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Thomas H. Troy, for appellant.
Robert H. Griffin, for respondent.

VAN WYCK, J. This is an appeal from an order awarding defendant $750 to defray her expenses for legal services in the defense of her wifehood against the assault of plaintiff. This action is brought to have the marriage in Ohio between the parties hereto adjudged null and void, on the ground that at that time she was the lawful wife of one Farlin, to whom she was wedded previously, in Michigan. This plaintiff assails the validity

of the divorce secured by her from Farlin, in Illinois, for the reason that the summons was served by publication on him while he was a resident of some other state. The defendant, in turn, attacks the validity of the divorce of Farlin's first wife, to whom he was married in Michigan, secured by her in Wisconsin, because the summons was served upon him by publication while he was a resident of some other state. This controversy involves at least three marriages, and the laws of at least four states,—a most tangled marital complication growing out of the conflict in the law of marriage and divorce of the several states. The plaintiff is in receipt of an annual income of about $20,000, and has $21,-000 cash in bank. Notwithstanding this great plenty of worldly goods, he insists that she must forego the defense of her right to be called his wife, denied by him, or sell her jewelry and stage wardrobe, the necessary paraphernalia of an actress of her admitted standing, or the furniture in her hired home, which he bids for in his affidavit, or use her capital of $2,800 in bank, the net savings of a long professional career commencing at the age of 15, and from which she derives the munificent annual income of $120, which is totally inadequate for her support, and her principal must rapidly dwindle away. For several reasons, including the disturbing effects of this litigation, she has been unable for the last year to obtain employment at her usual work. We think the allowance of $750 was proper, both in law and amount, to enable her to procure the services of those learned in the law, so much required for the unraveling of this complexity of connubial rights. O'Dea v. O'Dea, 31 Hun, 441, affirmed 95 N. Y. 667; Hoffman v. Hoffman, 7 Rob. (N. Y.) 474; Douglas v. Douglas, 13 Abb. Pr. (N. S.) 291; Merritt v. Merritt, 99 N. Y. 643, 1 N. E. Rep. 605.

Order must be affirmed, with costs.