### RICHARDSON v. RICHARDSON.

(Supreme Court, Special Term, Columbia County. July 1, 1905.)

DIVORCE—SEPARATION—ALIMONY—COUNSEL FEES.

> Where, in an action for separation by a wife, it appears that she is in receipt of an income from personal services sufficient for her support, and that she has at her disposal funds sufficient to defray the expenses of the action, which funds, or her services which produced the same, either belong to the defendant or have been given by him to her, her motion for temporary alimony and counsel fees will be denied.

> [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 616, 646.]

Suit for separation by Bertha Richardson against Frank H. Richardson. Motion by plaintiff for temporary alimony and counsel fees. Motion denied.

Cady & De Lamater, for the motion.
Frost, Daring & Warner, opposed.

COCHRANE, J. From the accusations, counter accusations, criminations, and recriminations disclosed by the papers on this motion it is impossible to determine now which party will probably be successful. The determination of that question must remain for the sifting process of the trial. The uncertainty of the outcome of the action, however, is not in itself sufficient to defeat this motion.

It appears that the plaintiff has to her credit in the Hudson City Savings Institution over $700. This is the balance of a running account opened by her with the bank before her marriage. At the time of her marriage in 1888 the balance to her credit was $250. She has been a school-teacher since 1897, and for her services as such teacher is receiving $35 a month. The defendant's statement that she has now, or within the past three or four years has had, an account in some other savings institution or bank, is not contradicted or explained. On the contrary, no deposit has been made in the Hudson City Savings Institution for more than three years, although during all of that time plaintiff has been in receipt of her income as a school-teacher, and during two years of that time she has been boarded and lodged by her husband, and during said three years more than $200 has been drawn out of said institution, which does not form a part of the present balance of over $700 as above stated. This would seem to confirm the belief of defendant that plaintiff has money in some other bank. Plaintiff states in her affidavit that "except for her own earnings" she has no means of support or of conducting this action. With the exception, therefore, of the $250 which she had in the Hudson City Savings Institution at the time of her marriage, and the accumulated interest thereon, the entire balance now in that institution is the result of her earnings or savings since she has been the wife of the defendant, and would be the property of the defendant by reason of the marriage relation, except for the fact that he may have given the same to his wife. The situation, then, is this: Plaintiff is in receipt of an income from her personal earnings, which presumably belong to her husband by virtue of the marriage relation, and which is sufficient for her support pending the action. She also has at her disposal funds sufficient to defray the expenses of this action, from present indications at least, which funds, or her services which produced the same, either belong to the defendant, or have been given by him to the plaintiff. Under the circumstances, I do not think the plaintiff makes out a case either for temporary alimony or for counsel fees. This is not a case where the funds of the wife belong to her independently of her husband, as was the case of Merritt v. Merritt, 99 N. Y. 643, 1 N. E. 605. The principle enunciated in Collins v. Collins, 80 N. Y. 1–14, applies here.

As a general rule, some allowance is made in this class of cases, but I have not known an allowance to be made pending the action where the wife was in possession of sufficient funds received from her husband. When the plaintiff shall judicially establish her right to a separation, her claim for alimony will rest on a different principle, and will, no doubt, receive the careful consideration of the court; but at the present time I do not think any allowance should be made.

Motion denied.