LAU v. LAU.

(Supreme Court, Special Term, Kings County. February 17, 1913.)

DIVORCE (§§ 212, 224*)—COUNSEL FEES—ALIMONY PENDENTE LITE.
  Alimony and counsel fees will be allowed pending action by a wife for separation, where the husband admits a ceremonial marriage, but denies its validity on the ground of a prior marriage of the wife then in force; he having the burden of proof of its invalidity.
  [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 614–618, 646; Dec. Dig. §§ 212, 224.*]

Action by Annie Lau against Albert Lau. Heard on motion for alimony and counsel fees. Allowance ordered.

Charles N. McCarty, of New York City, for plaintiff.
Thomas Cradock Hughes, of Brooklyn, for defendant.

BENEDICT, J. Application for alimony and counsel fee pending suit in wife's action for separation. No question as to jurisdiction

of the parties or subject-matter is raised. The parties were married in facie ecclesiæ in the state of New Jersey more than 25 years ago when the plaintiff was 19 years of age and the defendant about 26. They have four children: Augusta Schroeder, a widow, aged 24 years; William Lau, 21 years; Annie Williams, 17 years; and Albert Lau, Jr., aged 13 years. Besides these there were three other children who died in infancy. The plaintiff claims that in 1900, 13 years after the marriage (although according to the defendant's affidavit only 3 years had elapsed), the defendant deserted her, and that she was unacquainted with his whereabouts until 1905, when she had him arrested in Hoboken, N. J., charged with nonsupport, which resulted in his being placed under bonds to support her for one year; that he made these payments for a time and then ceased them, and still remained away from her until December, 1910, when a reconciliation took place, and the plaintiff went to reside in the premises owned by the defendant No. 166 Columbia street, Brooklyn, where the defendant was then living. The defendant conducts a saloon with rooms for men at the address stated, and it appears that the weekly receipts from the business are in the neighborhood of $200, but the defendant, while admitting the receipts, contends, but does not show, that it costs him $180 a week for expenses. The plaintiff claims that during the past two years the defendant has been guilty of cruel and inhuman treatment to her and of such conduct as renders it unsafe and improper for her to cohabit with him. These charges are denied by the defendant, whose main defense to this present action is a denial of the validity of the marriage. By his answer he admits that a marriage ceremony was performed between the plaintiff and defendant on September 12, 1887, at Camden, N. J., but claims that such marriage was illegally performed because prior thereto the plaintiff had been legally married to one Frederick Ziegler, and that that marriage continued to be in force at and after her marriage to the defendant.

The defendant having admitted the fact of his ceremonial marriage to the plaintiff, the burden of proof of its invalidity in law under the pleadings as they stand rests upon him, since he asserts it. If it should appear from the evidence that the alleged prior marriage were not valid in law or had been terminated prior to the marriage of the parties to this action, or if the defendant failed in his proof concerning it, then the parties to this action are husband and wife, with the reciprocal rights and duties which flow from that relation. See Brinkley v. Brinkley, 50 N. Y. 184, 193, 10 Am. Rep. 460; also, Vincent v. Vincent (Com. Pl.) 17 N. Y. Supp. 497. In the former of these cases a very exhaustive statement of the principles governing this court in determining applications for alimony and counsel fees in cases analogous to the present is made by Judge Folger and is summed up at page 193 of 50 N. Y. (10 Am. Rep. 460), as follows:

"And the principle at the bottom is this: Where, marriage in fact being denied, the affirmative is upon the party claiming to be the wife to show that an actual marital relation ever existed, there alimony will be denied until that fact is proven to the satisfaction of the court, or is admitted; for it is upon the existence of that relation alone that the right to alimony depends. Where an actual marital relation has been admitted or shown, and

its existence in law is sought to be avoided by some fact set up by the hus-band, and it devolves upon him to show that fact, there alimony will be granted until that fact is shown; for the relation actually exists upon which the right to alimony depends, and the object of the litigation is to annul that actual relation by showing some other fact, the existence of which is denied. It may be said, too, that for the purposes of an application for temporary alimony there will not be need that the fact of marriage be so conclusively established as for the purpose of permanent alimony, or any other ultimate purpose of the action. It is for the interest of society and in aid of public policy that, where the married relation has been in fact as-sumed, it should not easily and capriciously be laid aside; and where it is averred by the putative wife and denied by the alleged husband, if she makes a reasonably plain case of its existence, she should be furnished with means of temporary support and of conducting the suit until the truth or falsehood of her allegations can be ascertained by the proofs formally taken in the case. See North v. North, 1 Barb. Ch. 244 [43 Am. Dec. 778]; Purcell v. Purcell, 14 Va. 507; Herforth v. Herforth, 2 Abb. Prac. [N. S.] 483. So far have the courts carried this idea that even after the verdict of a jury upon a feigned issue, finding the wife guilty of adultery, arrears of alimony ac-cruing after verdict and up to date of decree were ordered to be paid. Stan-ford v. Stanford, 1 Edw. Ch. 317. And further it may be said that any facts and circumstances being shown which are sufficient for a court to presume therefrom an actual marriage, they are also sufficient for a court thereon to found an order granting temporary alimony, though other allegations which are at issue, once being established, would repel such a presumption."

In Vincent v. Vincent, supra, Judge Prior remarked in a case where the husband claimed that the second marriage was void because he was already married:

"If a marriage in fact be shown to the satisfaction of the court, but the alleged husband challenges its validity because of his incapacity to contract the relation, the burden is upon him to defeat the prima facie case, and to establish his affirmative defense. North v. North, 1 Barb. Ch. 241 [43 Am. Dec. 778]; Smith v. Smith, 1 Edw. Ch. 255; Brinkley v. Brinkley, 50 N. Y. 184, 193 [10 Am. Rep. 460]."

The alleged release relied upon by the husband proves nothing on the main issue. After the lapse of 25 years, the birth of seven chil-dren treated by the defendant as legitimate, the recognition by the defendant of the plaintiff as his wife, it should not lightly be assumed that such a marriage was void in its inception and the issue bastard-ized. The plaintiff should, under the authorities cited above, be awarded means for carrying on the action to defend her good name as an honest wife and for her support until its termination. Alimony is awarded at the rate of $15 a week to begin from January 30, 1913, and a counsel fee of $300, payable one-half in 10 days from service of the order hereon and one-half at the opening of the trial. Settle order on notice.