HARRY EISENBROCK, Appellant, v. EMMA EISENBROCK, Respondent.

Second Department, March 14, 1919.

**Husband and wife — divorce — alimony and counsel fees.**

Where in an action for divorce the adultery charged by the husband is denied under oath, and he reads affidavits of others supporting his charge, the wife is not to be denied alimony *pendente lite* and counsel fees unless the case thus presented is cogent and convincing to the last degree.

Alimony of $30 a week and a counsel fee of $250 may be allowed where, in a prior separation agreement, the plaintiff undertook to pay defendant the same amount per week, and where he admits that he is earning $160 a week under a three-year theatrical contract providing for an increase of $10 per week each year, although the season is about thirty weeks.

APPEAL by the plaintiff, Harry Eisenbrock, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on or about the 4th day of February, 1919, as resettled by an order entered on or about the 17th day of February, 1919, awarding to the defendant alimony and a counsel fee.

*Leo R. Brilles*, for the appellant.

*Thomas O'Rourke Gallagher*, for the respondent.

JENKS, P. J.:

The adultery charged by the husband is denied under oath, and though he reads affidavits of others that support his charge, the wife is not to be denied alimony *pendente lite* and counsel fee (*Osgood* v. *Osgood*, 2 Paige, 621; *Williams* v. *Williams*, 3 Barb. Ch. 629), unless the case thus presented is cogent and convincing to the last degree. We cannot say that the case at bar is within the exception.

The wife's affidavit is sufficient to justify the conclusion that she is in need of alimony *pendente lite* and counsel fee. The Special Term allowed $30 a week and a counsel fee of $250. The separation agreement between the parties, dated July, 1918, whereby the plaintiff undertook to pay to defendant $30 a week, afforded a criterion to the Special Term (*Thrall* v. *Thrall*, 83 Hun, 188), in view of the fact that the plaintiff admits that he is under a three-year contract that affords him $160 a week for the first year, $170 a week for the second year and $180 a week for the third year, although he deposes the theatrical season is about 30 weeks. The counsel fee is not unreasonable, in view of the evidence that will be offered, as indicated in the affidavits of both parties.

The condition of our calendars is such that this action can be tried at an early day. If the plaintiff delay trial, he cannot complain. If the defendant avoid trial with a purpose to pervert a provision that is temporary into one that is permanent, the plaintiff has his remedy.

The order is affirmed, with $10 costs and disbursements.

MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.