LOUISE SPATZ, Respondent, *v.* HARRY L. SPATZ, Appellant.

Second Department, November 14, 1919.

Husband and wife — alimony pendente lite — appropriation of husband's money by wife — support and custody of child pendente lite — counsel fees.

Motion for alimony *pendente lite* and counsel fees. It appeared that the parties lived above a dram shop of the defendant and kept but one servant, and that the plaintiff, the wife, took from a safe deposit box and from the defendant's safe and cash register securities, bank books and money, with the result that she became possessed of nearly $700 of her husband's money. *Held*, that the alimony should be reduced to $10 weekly, which

sum should be devoted exclusively to the support of their child, a girl twelve years of age.

It was proper to leave a child of such tender age with her mother and to require the father to support her *pendente lite.*

*Held,* that a counsel fee of $75 was adequate.

APPEAL by the defendant, Harry L. Spatz, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of said county on the 5th day of May, 1919, granting the plaintiff alimony and counsel fees, and also from an order entered in said clerk's office on the 26th day of May, 1919, denying defendant's motion to resettle the aforesaid order.

*Anson Burlingame Cole,* for the appellant.

*Mann & Buxbaum,* for the respondent.

JENKS, P. J.:

Whether the defendant's income be handsome as the plaintiff declares, or moderate as the defendant deposes, it is not disputed that the husband and wife and their girl child 12 years old lived above one of the dram shops of the defendant and kept but one servant. This circumstance is germane in that it affords a criterion of the proper amount of alimony *pendente lite.* I think that the amount awarded by the Special Term should be reduced substantially, so as to suffice for the support of the child only. The husband charges that within four or five weeks of this motion the wife took from their joint safe deposit box, his safe and his cash registers, securities, bank books and moneys. The wife meets the charge by denial in the nature of a negative pregnant, by explanation and by admission. If we resolve this dispute entirely in her favor, it appears that within the period named she thus became possessed of nearly $700 of her husband's moneys. Until it appeared satisfactorily to the Special Term that these moneys had been exhausted by expenditures necessary and proper to her station in life and an appropriate mode of living, she could not ask the court for more moneys. (*Osgood* v. *Osgood,* 2 Paige, 624, cited in *Lake* v. *Lake, infra; Merritt* v. *Merritt,* 99 N. Y. 643; *Romaine* v. *Chauncey,* 129 id. 570; *Lake* v. *Lake,* 194 id. 183.) Her affidavit did not meet this requirement. Necessity must be the burden of her plea.

It was well that the girl child of such tender years was left with the mother, and the child should receive support from the father. I think that the alimony *pendente lite* should be reduced to $10 a week, with express provision that such money must be devoted exclusively to the support of the child. The case presents a simple issue, and a counsel fee of $75 is adequate.

The order is modified accordingly and as modified is affirmed, without costs.

MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order modified in accordance with opinion, and as modified affirmed, without costs.