## (April 19, 1966)

█ CAROL LAZAR, Respondent, v. ALBERT A. LAZAR, Appellant.— Order, entered December 7, 1965, granting plaintiff's motion for temporary alimony and support for the two infant children of the parties in the sum of $160 per week and an award of a counsel fee in the sum of $1,000, affirmed, on the law and on the facts, and in the exercise of discretion, with $50 costs and disbursements to respondent. The action is for separation on the ground of abandonment and nonsupport. The record reveals that the plaintiff has an independent income insufficient to support herself and children, and that the defendant has an annual net income of his own which from all sources is sufficient to meet the payments required by the order for temporary alimony and support. A portion of defendant's income is derived from investments made by the plaintiff from her own assets which the defendant manages and thereby derives income for himself. The affidavits submitted by the plaintiff sufficiently establish a reasonable probability of her ultimate success in their separation action. There does not exist any abuse of discretion by the Special Term in the award of temporary alimony and support for the plaintiff and infant children and a counsel fee for the plaintiff. (*Walsh* v. *Walsh*, 22 A D 2d 937.) Concur — Botein, P. J., Breitel and Staley, JJ.; Steuer, J., dissents in the following memorandum: It is true that section 236 of the Domestic Relations Law allows an award of alimony even where the wife has failed to establish a cause of action. It should follow from that (though not absolutely clear from the statute) that temporary alimony pending judgment would not be precluded

even though the wife fails to show a reasonable chance of success. However, the right to alimony in such cases is not a matter of course but is limited to such situations as justice requires (*Brownstein* v. *Brownstein*, 25 A D 2d 205). Actually the requirements of justice and the purposes of the section insofar as it applies to alimony to an unsuccessful wife largely coincide. Except in certain instances a wife, though unsuccessful in a marital action, is nevertheless entitled to support. The court, having the parties before it and, moreover, already acquainted through the action with their circumstances, can determine the extent of the support that is appropriate. Thereby the need for an application for support in an independent proceeding is obviated (*Brownstein* v. *Brownstein*, *supra*). Here the wife is financially better circumstanced than the husband. Were she relegated to a claim for support it could not be disputed that the papers on this motion would be insufficient to base an award, though it might very well be that upon a full exploration of the facts she would be entitled to some award. An award of alimony *pendente lite* under such circumstances has always been questionable, even where the wife showed a reasonable chance of success (*Merritt* v. *Merritt*, 99 N. Y. 643; *Weinberg* v. *Weinberg*, 23 A D 2d 569). Where the award is really in lieu of the husband's duty to support, the necessity for such support should be amply shown. Counsel fees are now governed by section 237 of the Domestic Relations Law. Probability of success is not mentioned as a condition in the section. The Practice Commentary (McKinney's Cons. Laws of N. Y., Book 14, § 237, p. 287) states: "Regardless of her position, apparently, and regardless of the outcome, the court's discretion remains and it alone will determine whether she is to be awarded counsel fees and expenses." Assuming that to be a correct interpretation of the statute, it would appear to be a proper exercise of discretion to award a counsel fee in a baseless action only in the event that an award of support was justified, and then only to the extent of counsel fees for such a service. I vote to remand the matter to Special Term to make an award for the support of the children and to refer the matter of support for the plaintiff wife and the counsel fees to the trial court for disposition in accord with this opinion.